57 So.2d 513

### SMITH v. STATE.
### 6 Div. 286.

Supreme Court of Alabama.
March 10, 1952.

48

Geo. Frey, Birmingham, for appellant.

Si Garrett, Atty. Gen., L. E. Barton, Asst. Atty. Gen., and Chas. C. Carlton, Montgomery, of counsel, for the State.

STAKELY, Justice.

The appellant was indicted for murder in the first degree. To this indictment he pleaded "not guilty" and "not guilty by reason of insanity." Trial was duly had with the result that he was convicted of murder in the first degree and received the death penalty. The case comes to this court under the automatic appeals act, Code 1940, Tit. 15, § 382(1) et seq.

On April 21, 1951, about 5:30 A.M. Santford R. Howton, Chief of Police of the town of Graysville, Jefferson County, Alabama, and Sam Linn, Constable of Precinct 38, Jefferson County, Alabama, went to the home of appellant in Alden, Jefferson County, Alabama. Both officers were acting within their police jurisdiction. When the officers arrived a crap game was in progress in a rear room of the house. Officer Howton, dressed in a police uniform, entered by the rear door and officer Linn entered by the front door. The officers found a number of men participating in the crap game. The men were arrested and several of them, including appellant, were allowed to make appearance bonds. The officers did not mistreat anyone nor did the officers at any time draw their pistols.

While the officers were making out the appearance bonds, appellant carried his clothes from the house and put them in his car and then went back into the house. Having obtained the bonds, the officers left by the back door. Immediately, as Officer Linn was walking away in the yard, appellant shot him twice, fatally wounding him. He never recovered consciousness. Appellant then went to the kitchen window and shot Officer Howton as he was walking past the window, fatally wounding him. He never regained consciousness. Appellant then got into his car and left.

At about 11 A.M. of the same day appellant was arrested near Bessemer. Shortly after being placed in jail he voluntarily confessed to killing of the two officers.

Appellant's wife, father, two sisters, a cousin and an associate testified that appellant acted and talked queerly as if there was something wrong with him. They testified that in their opinion he was insane and some of them testified that there was insanity in the family. However appellant was never under treatment for insanity nor had any action ever been taken to have

him declared insane. Appellant was about thirty years old at the time of the shooting.

Appellant is married, had raised a family and was living in his home with his family in Alden where he had worked a number of years in the mines. The assistant superintendent of the mine where appellant worked testified that he had known appellant for a number of years prior to the shooting, that he worked regularly and that in his opinion he was sane. Dr. Frank Kay, a psychiatrist with experience from 1923 to 1945 as psychiatrist and medical practitioner of the State Hospital for the Insane at Tuscaloosa, testified that he had personally examined appellant and in his judgment he was sane. The testimony of the expert was of course admissible. Hockenberry v. State, 246 Ala. 369, 20 So.2d 533.

The only ruling of the court argued by counsel as error was the refusal of the court to allow proof in effect that after the town of Graysville had been incorporated and Santford Howton and Sam Linn had become officers, raids had often been made on appellant and others when gambling, although prior to that time they had not been bothered in their gambling. It is argued that on the issue of insanity a wide latitude is allowed in the proof. Such latitude allows both the defendant and the state to introduce evidence of defendant's acts, declarations and conduct prior and subsequent to the alleged crime, George v. State, 240 Ala. 632, 200 So. 602, with the necessary limitation, however, that the acts and conduct inquired about must throw some light upon the inquiry. Coffey v. State, 244 Ala. 514, 14 So.2d 122. But the proof here which was refused is not proof tending to show insanity, but, if anything, the cause thereof. At the time the proof was offered, there was no proof of insanity and hence there was no predicate laid for the proof which was refused. Naugher v. State, 241 Ala. 91, 1 So.2d 294. Besides in making raids on appellant and others while engaged in gambling, the officers were doing no more than their duty. There was no proof that such acts of the officers were calculated to induce a diseased mental condition in appellant. Eldridge v. State, 247 Ala. 153, 22 So.2d 713. In the absence of satisfactory proof that such could be the result, we are not willing to make such assumption. As a matter of fact in his confession the appellant stated that only two raids had been made by the officers prior to the raid in the present case and those raids were during the preceding Christmas season.

The defense of insanity must be clearly proved to the reasonable satisfaction of the jury and the burden of proof in this regard rests on the defendant. Hockenberry v. State, supra; Lee v. State, 246 Ala. 343, 20 So.2d 471; § 422, Title 15, Code of 1940.

The issue of insanity was well and clearly defined by the court in its oral charge and then submitted to the jury. This issue was resolved by the jury against the defendant.

We have carefully examined the entire record and find no error therein.

Affirmed.

All the Justices concur.