210 So.2d 805

**Louis E. WATTS**

v.

**STATE of Alabama.**

**8 Div. 256.**

Supreme Court of Alabama.

May 23, 1968.

L. Bruce Ables and Fred B. Simpson, Huntsville, for appellant.

**246**

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

KOHN, Justice.

The appellant, Louis E. Watts, was indicted and tried for murder in the first degree. The jury found him guilty of murder in the second degree and fixed his punishment at imprisonment for 99 years. There was judgment sentencing the appellant in accordance with the verdict of the jury. This appeal is from that judgment.

Appellant entered pleas of "not guilty" and "not guilty by reason of insanity."

This case arises out of the fatal shooting of Mrs. Louise Underwood at about 6:40 P.M. on December 23, 1965. The evidence clearly shows that appellant walked into the dispatch office of the Drake Cab Company and shot Mrs. Underwood with a pistol. She died about two weeks later from the gun-shot wound.

Appellant did not attempt to disprove that he fired the fatal shot. Instead, he relied on his defense of "not guilty by reason of insanity." Several witnesses, including a psychiatrist, testified as to appellant's mental condition. There was ample evidence to make the issue of his (appellant's) sanity one to be resolved by the jury. However, the appellant did limit his evidence, as to the question of his sanity, to a period of one year prior to the alleged shooting.

In rebuttal to appellant's claim of insanity, the State introduced in evidence three prior convictions which it alleges to be those of the appellant. The State, when introducing these prior convictions, namely, State's Exhibits Nos. 4, 5 and 6, stated that it was introducing them under appellant's plea of "not guilty by reason of insanity." State's Exhibit No. 4 was a certified copy of the conviction of an Ernest Watts for the crime of assault with intent to murder. It was dated February 13, 1934. State's Exhibit No. 5 was a certified copy of a conviction of an Ernest Watts for the crime of buying and receiving stolen property which was dated February 7, 1939. State's Exhibit No. 6 was a certified copy of a conviction of an Ernest L. Watts for the crime of assault with intent to murder. It was dated May 25, 1959.

■ The main contention of the appellant, urging a reversal of this case, is based upon the ruling of the trial court admitting these prior convictions in evidence. The record tends to show that these convictions were admitted under the theory that all of the acts and declarations of a defendant are admissible under a plea of "not guilty by reason of insanity." It is true that this court has held in a long line of cases that "wide latitude" is allowed both the defendant and the State in inquiries into a person's mental state when an issue as to the sanity of such a person is presented. Nichols v. State, 276 Ala. 209, 160 So.2d 619; Barbour v. State, 262 Ala. 297, 303, 78 So.2d 328; Peoples v. State, 257 Ala. 295, 299, 58 So.2d 599; Smith v. State, 257 Ala. 47;

49, 57 So.2d 513; Hall v. State, 248 Ala. 33, 36, 26 So.2d 566; Parvin v. State, 248 Ala. 74, 75, 26 So.2d 573; Eldridge v. State, 247 Ala. 153, 154, 22 So.2d 713; Coffey v. State, 244 Ala. 514, 521, 14 So.2d 122; George v. State, 240 Ala. 632, 637, 200 So. 602; Grammer v. State, 239 Ala. 633, 638, 196 So. 268; Brothers v. State, 236 Ala. 448, 451, 452, 183 So. 433; Deloney v. State, 225 Ala. 65, 70, 142 So. 432; Birchfield v. State, 217 Ala. 225, 228, 115 So. 297; Anderson v. State, 209 Ala. 36, 42, 95 So. 171; Russell v. State, 201 Ala. 572, 78 So. 916; Cawley v. State, 133 Ala. 128, 138, 32 So. 227; McLean v. State, 16 Ala. 672, 680.

However, the latest of these cases have held that there is a necessary limitation on these inquiries in that "the acts, declarations and conduct inquired about must have a tendency to shed light on the accused's state of mind when the act for which he is being tried was committed." Nichols v. State, supra; Barbour v. State, supra; Peoples v. State, supra; Smith v. State, supra; Hall v. State, supra; Coffey v. State, supra; Mitchell v. Parker, 224 Ala. 149, 138 So. 832.

The State, contending that these confessions were admissible, argues that this is the type of evidence that is allowed under the "wide latitude" theory. The State cites the case of Grammer v. State, supra, as authority for the proposition that prior criminal convictions may be admitted into evidence under the plea of "not guilty by reason of insanity." In that case, the defendant had interposed such a plea, and at the trial the wife of the defendant was allowed to testify, on cross-examination by the State, that her husband had been sentenced to the penitentiary four years before for assault with a weapon. The defendant, during the trial, attempted to prove that he had been insane for a number of years prior to the act for which he was being tried.

Although the case of Grammer v. State, supra, does hold that prior convictions of a defendant may sometimes be relevant and competent evidence, it does not necessarily follow that this is true in all cases.

In a later case (Coffey v. State, supra), this court held that the prior convictions of the defendant were not competent and relevant to the issue of the defendant's sanity and should not have been admitted in evidence. The court, in that opinion, stated:

"* * * We are unable to see how the fact that the appellant assaulted and cut another party in 1933, nine years prior to the date of the homicide, could shed any light on the issue raised by the insanity plea. Of course, such evidence was not admissible under the plea of 'not guilty.' "

In distinguishing that case from Grammer v. State, supra, the court further held:

"We do not think the conclusion reached in the Grammer case, supra, is in any way in conflict with the conclusion here reached for the reason that in the Grammer case the evidence as to insanity tended to show that the defendant had been insane over a long period of time, including the time when he was convicted of the crime of assault with a weapon. The evidence introduced by the state was in rebuttal of that fact and tended to prove that when charged with the commission of the crime of an assault with a weapon he was sane and that he did not at that time claim to be insane."

It would seem clear, therefore, that even though a "wide latitude" is given both the defendant and the State in cases of this type, there is the restriction, imposed by this court, that prior convictions to be admitted must be relevant to the issue of the defendant's insanity at the time he committed the now charged act.

248

In the case before us, it is clear it falls within the import of *Coffey,* supra, and *Coffey* is yet the law of this State. The rule of *Coffey* protects the plea of "not guilty by reason of insanity," so that it does not bear the unwarranted burden of opening up the door to prejudice naturally resulting from evidence of prior convictions of crime. Crimes that do not of necessity contribute to the issue of insanity. Such a burden would rob the defendant of a proper use of an allowable plea. In this case, the State was allowed to introduce three prior convictions of the defendant which were dated seven years, twenty-seven years, and thirty-two years prior to the date of the trial of the case. We cannot see how these would have any relevancy to the issues presented at the trial. Here, the defendant did not take the stand, yet out of his mouth, so to speak, his prior bad record testified against him.

This defendant was charged with a horrible crime—murder, not only against a woman, but one who was also a mother. No doubt, such a crime shocked the sensibilities of the community which is understandable. The mere fact that defendant did not take the stand did not create a favorable aspect to his already precarious position. This, coupled with the allowances in the record of prior convictions of defendant as evidence before the jury, placed this defendant in such a posture that he could not get a fair trial.

The worst wretch that walks the earth is entitled to a fair trial, for the law is superior to all persons. As much as we may regret some results of the law, the law must be preserved if this constitutional democracy is to survive.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.