237 So.2d 121

Gerald THOMASON

v.

STATE.

4 Div. 42.

Court of Criminal Appeals of Alabama.

June 16, 1970.

Tipler, Fuller & Melton, Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant, Gerald Thomason, appeals from a conviction of murder in the first degree, with a sentence of life imprisonment in the penitentiary. In addition to the plea of not guilty, he interposed the plea of not guilty by reason of insanity.

The undisputed state's evidence shows that on February 21, 1969, defendant killed one Michael Rex Harrison by shooting him with a pistol. The shooting occurred at a tavern operated by defendant's brother.

The defendant did not testify and the evidence introduced in his behalf was solely in support of his insanity plea.

In rebuttal of this testimony the State introduced in evidence three purported prior convictions of the defendant in Niagara County, New York. State's Exhibit 1 is a certified copy of the conviction of one Gerald Thomason, after a plea of guilty, for the offense of "Assault 3rd Degree," with a penitentiary sentence of one year, "Sentence suspended and placed on probation for one (1) year." Dated December 17, 1958. State's Exhibit 2 is a certified copy of a conviction of Gerald Thomason, after plea of guilty for the offense of "(1) Assault 2nd Degree, (2) Operating a Motor Vehicle Without a License," with sentences to the county jail for 30 days and 10 days on said charges.

In Watts v. State, 282 Ala. 245, 210 So. 2d 805, evidence of prior convictions was introduced by the State. The court in reversing the conviction said:

"The record tends to show that these convictions were admitted under the theory that all of the acts and declarations of a defendant are admissible under a plea of 'not guilty by reason of insanity.' It is true that this court has held in a long line of cases that 'wide latitude' is allowed both the defendant and the State in inquiries into a person's mental state when an issue as to the sanity of such a person is presented. (Citing numerous cases).

"However, the latest of these cases have held that there is a necessary limitation on these inquiries in that the 'acts, declarations and conduct inquired about must have a tendency to shed light on the accused's state of mind when the act for which he is being tried was committed." Nichols v. State, supra (276 Ala. 209, 160 So.2d 619); Barbour v. State, supra (262 Ala. 297, 303, 78 So.2d 328; Peoples v. State, supra (257 Ala. 295, 299, 58 So.2d 599); Smith v. State, supra

(257 Ala. 47, 49, 57 So.2d 513); Hall v. State, supra (248 Ala. 33, 36, 26 So.2d 566); Coffey v. State, supra (244 Ala. 514, 521, 14 So.2d 122); Mitchell v. Parker, 224 Ala. 149, 138 So. 832."

\* \* \* \* \* \*

"It would seem clear, therefore, that even though a 'wide latitude' is given both the defendant and the State in cases of this type, there is the restriction, imposed by this Court, that prior convictions to be admitted must be relevant to the issue of the defendant's insanity at the time he committed the now charged act."

There is nothing in the record tending to show any action of the defendant with reference to the prior convictions which would tend to shed light on the inquiry as to his mental capacity at the time in issue. Coffey v. State, supra; Peoples v. State, supra. The admission in evidence of the prior convictions requires a reversal of this cause.

Because the judgment is to be reversed and the cause remanded, in the event of another trial, we think it appropriate to comment on a portion of the court's oral charge, although no objection was reserved at the trial and our decision is not based on it. The court stated:

"As far as self-defense is concerned, that is an affirmative defense and the burden of proof is upon the defendant to reasonably satisfy you as distinguished from satisfaction beyond a reasonable doubt, to reasonably satisfy you that he acted in self-defense."

This was an incorrect statement of the law. · See Lester v. State, 40 Ala.App. 503, 121 So.2d 107; cert. denied, Lester v. State, 270 Ala. 631, 121 So.2d 110.

Reversed and remanded.