248 So.2d 755

**Bobby Ray PILKINGTON, Alias**

v.

**STATE.**

**6 Div. 144.**

Court of Criminal Appeals of Alabama.

March 16, 1971.

Rehearing Denied April 6, 1971.

---

Najjar & Najjar, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

CATES, Judge.

First degree murder: electrocution.

Issue was framed on a plea of not guilty and one of not guilty by reason of insanity. By a specific provision of Code 1940, T. 15, § 422 the burden of proving insanity is cast upon the accused.

I

■ After the defense rested the State called a rebuttal witness. Over objection the State established by her that about two months before the homicide in question the defendant committed an assault on her with intent to ravish and, on being repulsed, robbed her of her pocket book.

At page 285 of the record we find the following colloquy after objection was interposed:

"THE COURT: Overruled. The Court is allowing this line of questioning on the basis that the defendant has filed a plea of not guilty by reason of insanity, and acts and conduct of the defendant prior to and subsequent to the commission of the alleged offense is admissible in evidence.

"MR. SCHOLL: And at this time, we make a motion to this Court for mistrial.

"THE COURT: Overruled."

Undoubtedly, after the defense adduced proof tending to show insanity, the State could rebut. In Nichols v. State, 276 Ala. 209, 160 So.2d 619 Mr. Justice Merrill said:

"Where insanity is relied upon as a defense every act of the accused's life which throws some light on such issue is relevant thereto. Hall v. State, 248 Ala. 33, 26 So.2d 566, and cases there cited.

"The issue of insanity gives much latitude, both to the defendant and the State, for the introduction of evidence of defendant's acts, declarations and conduct, prior and subsequent to the alleged crime, subject to the limitation that *the acts, declarations and conduct inquired about must have a tendency to shed light on the accused's state of mind when the act for which he is being tried was committed.* Hall v. State, 248 Ala. 33, 26 So.2d 566; Barbour v. State, 262 Ala. 297, 78 So.2d 328, and cases there cited; Annotation 8 A.L.R. 1219." (Italics added).

The defendant did not take the stand. Virtually all of his proof came from laymen who gave incidents of odd conduct on his part, mostly when he was a child.

In the testimony of his robbery victim the only semi-scintilla to rebut the defense witnesses concerned Pilkington's failure to laugh as he ran away. However, not every instance of the defense testimony touched on his being addicted to phrenetic mirth.

In the use of proof of other crimes to rebut evidence tending to show madness the State is confined to relevance. Coffey v. State, 244 Ala. 514, 14 So.2d 122; Peoples v. State, 257 Ala. 295, 58 So.2d 599; Watts v. State, 282 Ala. 245, 210 So.2d 805; Thomason v. State, 46 Ala.App. 10, 237 So. 2d 112.

In Relevancy of Evidence upon Mental Capacity, 4 Ala.Lawyer 384, Judge McElroy says at p. 394 (omitting a footnote citation):

" * * * Though it is impossible to avoid the conclusion that, in a broad sense, every act of a person's life is relevant to the issue of his mental capacity at any time of his life, it is also possible that evidence of the act of a party at a particular time may have but a glimmer of probative value on the issue of his mental capacity at another time, and yet be likely to stimulate excessive emotion or prejudice against him and thus to dominate the mind of the trier of fact and prevent a rational determination of the truth. In a situation of that sort, it would seem that evidence of the act ought to be excluded * * * "

We consider that the evidence of the assault and robbery shed no light on the issue of sanity. Since it was prejudicial we cannot pass it off under the Supreme Court Rule 45.

On authority of *Coffey, Peoples, Watts* and *Thomason,* all above cited, we must reverse the judgment below and remand the cause for trial de novo.

II

The evidence transcript contains neither voir dire examination of the jurors nor qualification of the jurors before their being sworn. Our Supreme Court has seemingly held in capital cases that Code 1940, T. 30, § 57 has been modified pro tanto (rather than being repealed) by Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 and Boulden v. Holman, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed. 2d 433.

Unless and until the Supreme Court adopts the views of the majority of this court in Brown v. State (6th Div. 128 Mss. Jan. 26, 1971 and Mar. 2, 1971), we think it advisable for the evidence transcript to show the qualification under § 57 as so changed. Where the jury does not condemn the defendant to death the record can leave out that enquiry. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797.

Reversed and remanded.