HUBERT TAYLOR, Judge.
Appellant was convicted of sexual abuse in the first degree in violation of § 13A-6-66, Code of Alabama 1975. Sentence was seven years. Two issues are presented for review.
Miller’s first contention is that evidence of past convictions were erroneously admitted into evidence. Miller pled not guilty by reason of insanity. The first witness for the defense, Miller’s mother, testified that her son had been in an accident when a small child and had been mentally unstable since that time. On cross examination, the District Attorney asked the witness if she had heard that her son had been convicted of grand larceny and receiving and concealing stolen goods in 1978. Miller claims the overruling of his objection to that question was error.
Admission of evidence of prior crimes to rebut special defenses is accepted practice in this state. C. Gamble, McElroy’s Alabama Evidence § 61.01(8) (3d ed. 1977). The only requirement is that prior acts must have a tendency to shed light on the accused’s state of mind when the act for which he is being tried was committed.
This has been interpreted to mean that when the accused presents evidence of long term mental illness, the State may introduce evidence of prior crimes occurring during the time the accused claims to have been insane. Watts v. State, 282 Ala. 245, 210 So.2d 805 (1968); Grammer v. State, 239 Ala. 633, 196 So. 268 (1940). The fact pattern of this case fits the requirement.
Appellant’s second issue, that his touching of the prosecutrix was through her clothes and not within the statute, is without merit.
The judgment of the lower court is due to be affirmed.
AFFIRMED.
All the Judges concur.