Albert Francis Dealto appeals his conviction for murder in the first degree and his subsequent sentence of life imprisonment. He raises seven issues on appeal to this court. Because one of Dealto's issues warrants reversal, the other issues need not be addressed.
Dealto contends that the trial court committed reversible error by allowing a tape recorded statement revealing his prior drug use into evidence. We agree.
On October 9, 1993, Myrtle Vanderver was brutally murdered in her home. Dealto was one of Myrtle Vanderver's neighbors and he rented a house from her. On the day following her murder, Dealto placed a 911 telephone call to the police. Dealto contended that he had gone to the victim's home the day before to pay his rent; that when he arrived at the victim's home he was accosted by two black males and forced into Vanderver's car; and that the two individuals finally let him go and left him with the victim's car.
The police picked up Dealto and he made a statement. His statement was tape-recorded. An edited recording of Dealto's statement was entered into evidence and was played for the jury. The taped statement, reflects that, while being questioned by the police, Dealto was asked whether he had ever used illegal drugs. Dealto indicated that he had used drugs in the past. He stated that he used to smoke a lot of "pot" and used to use cocaine. He also stated that he had previously used crack cocaine. Dealto indicated that he had not used drugs in the two months before the crime. He also stated that he had gone to Bradford hospital for drug rehabilitation and that once he had finished his treatment he used drugs only about once a month.
Dealto filed a motion in limine before trial asking that this section of his extrajudicial statement be excluded from the edited recording that was to be played in front of the jury. The trial court denied his motion. Dealto subsequently filed a supplement to his motion in limine, requesting that this statement be edited from the recording, and that motion was also denied by the trial court. Furthermore, Dealto vehemently objected to the admission of this evidence before the tape was played for the jury. His objection was overruled.
Evidence of prior bad acts is inadmissible if the only probative function of that evidence is to show that the defendant has bad character or to show that the defendant has a propensity to commit the crime he is presently charged with. See C. Gamble, McElroy's Alabama Evidence, § 69.01 (4th ed. 1991).
 " ' "On the trial of a person for the alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative function of such evidence is to show his bad character, inclination or propensity to commit the type of crime for which he is being tried. This is a general exclusionary rule which prevents the introduction of prior criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question." ' Pope v. State, 365 So.2d 369, 371 (Ala.Cr.App. 1978), quoting C. Gamble, McElroy's Alabama Evidence § 69.01 (3d ed. 1977). ' "This exclusionary rule is simply an application of the character rule which forbids the State to prove the accused's bad character by particular deeds. The basis for the rule lies in the belief that the prejudicial effect of prior crimes will far outweigh any probative value that might be gained from them. Most agree that such evidence *Page 1238 
of prior crimes has almost an irreversible impact upon the minds of the jurors." ' Ex parte Arthur, 472 So.2d 665, 668 (Ala. 1985), quoting McElroy's supra, § 69.01(1). Thus, the exclusionary rule serves to protect the defendant's right to a fair trial. ' "The jury's determination of guilt or innocence should be based on evidence relevant to the crime charged." ' Ex parte Cofer, 440 So.2d 1121, 1123 (Ala. 1983); Terrell v. State, 397 So.2d 232, 234 (Ala.Cr.App. 1981), cert. denied, 397 So.2d 235 (Ala. 1981); United States v. Turquitt, 557 F.2d 464, 468 (5th Cir. 1977)."
Robinson v. State, 528 So.2d 343, 347 (Ala.Cr.App. 1986), quotedwith approval in Stallworth v. State, 662 So.2d 1222
(Ala.Cr.App. 1995).
As the state points out, there are exceptions to this rule. The state argues that the evidence of Dealto's prior drug use tends to show his motive for committing this murder.
 "However, the fact that evidence of a prior bad act may fit into one of these exceptions will not alone justify its admission. ' "Judicial inquiry does not end with a determination that the evidence of another crime is relevant and probative of a necessary element of the charged offense. . . . Rather, a balancing test must be applied. The evidence of another similar crime must not only be relevant, it must also be reasonably necessary to the government's case, and it must be plain, clear, and conclusive, before its probative value will be held to outweigh its potential prejudicial effects." ' Averette v. State, 469 So.2d 1371, 1374 (Ala.Cr.App. 1985), quoting [United States v.] Turquitt, [557 F.2d 464,] 468-69 [(5th Cir. 1977)] ' " 'Prejudicial' is used in this phrase to limit the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial." [Citation omitted.] "Of course, 'prejudice, in this context, means more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contention; but that cannot be ground for exclusion. What is meant here is an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one.' " ' Averette v. State, supra, at 1374."
Robinson, 528 So.2d 343, 347 (Ala.Cr.App. 1986) quoted in,Knight v. State, 675 So.2d 487 (Ala.Cr.App. 1995) (emphasis omitted). Evidence presented at trial showed that Dealto was late paying his rent and had told at least one person that he was behind on alimony payments to his ex-wife. The state contends that Dealto's money problems "can be inferentially linked to drug use, and such money problems are relevant to motive." In his statement, Dealto admitted that he had used drugs two months before this crime. Dealto denied any drug use on the day of the murder. The state's weak attempt at connecting Dealto's prior drug use to a motive for the murder is unconvincing.
This court addressed a similar issue Christian v. City ofTuscaloosa, 297 So.2d 405, 53 Ala. App. 81 (Ala.Cr.App. 1974). In that case, Christian was charged with possession of burglary tools. Christian was found in possession of a screwdriver, prescription drugs, and two syringes. His car was searched and the police found a screwdriver and a rubber hammer. He was searched again at the police station and found to be in possession of several picks. Evidence was admitted at trial of his drug use and addiction in an effort to establish a motive for burglary. There had been a rash of vending machine robberies in the area. On appeal, this court reversed the judgment stating:
 "We are of the opinion that the evidence of defendant's addiction to or use of drugs amounted, in effect, to an attack on his character by proof of a specific course of improper conduct, which, of course, is not permissible. 1 McElroy, Law of Evidence in Alabama, § 26.01, p. 25 (2d ed.)
 "Moreover, we conclude, in applying language of Judge McElroy in Relevancy of Evidence upon Mental Capacity, 4 Ala. Lawyer 384 at p. 394, quoted in Pilkington v. State, 46 Ala. App. 716, 718, 248 So.2d 755, cert. denied, 287 Ala. 739, 248 So.2d 757, that whether the evidence here in question had more than, or but 'a glimmer of probative value' as tending to show intent or motive, such evidence was 'likely *Page 1239 
to stimulate excessive emotion or prejudice against' defendant 'and thus to dominate the mind' of the jury and "prevent a rational determination" of the question of defendant's guilt of the crime for which he was being tried."
Christian, 53 Ala. App. at 86, 297 So.2d 405.
We find under the facts of this case that the admission of evidence of Dealto's prior drug use constituted reversible error. For this reason, this case is reversed and this cause is remanded.
REVERSED AND REMANDED.
All Judges concur.