(112 So. 234)

## JOHNSON v. STATE. (2 Div. 912.)

Supreme Court of Alabama. April 7, 1927.

1. **Criminal law** ⊜⇒302(4)—**State could nol pros count charging killing with blunt instrument.**

State had right to nol pros count of murder indictment charging killing "with some blunt instrument, a further description of which is unknown to the grand jury."

2. **Homicide** ⊜⇒300(7)—**Charges on theory that defendant was not required to retreat held properly refused, where killing occurred near railroad track after defendant and deceased entered mill, where employed, from toilet, where difficulty started.**

In murder trial, charges, based on theory that defendant was under no duty to retreat because of being in his place of business, were properly refused, where evidence showed that difficulty started in toilet of mill, where defendant and deceased were employed, that both came into mill, and that killing occurred at or near railroad track; such place not being one from which defendant was relieved from retreating if he could safely do so.

3. **Homicide** ⊜⇒300(14)—**Charge to acquit of murder, if deceased could have inflicted serious bodily injury with pick, held properly refused as omitting fact that he was trying to assault defendant therewith.**

In murder trial, charge to acquit, if deceased was able to inflict serious bodily injury on defendant with pick in his hand, which defendant knew, *held* properly refused as omitting fact that deceased was attempting to assault defendant with pick.

4. **Criminal law** ⊜⇒798(1)—**Charge to acquit of murder, unless evidence convinced each juror beyond reasonable doubt, held properly refused.**

Charge to acquit, if evidence does not convince each juror beyond reasonable doubt that defendant struck blow as result of malice, and not in heat of passion merely, *held* properly refused as instructing acquittal, if any juror had reasonable doubt of guilt.

5. **Criminal law** ⊜⇒404(3)—**Stick used by defendant to strike deceased held admissible.**

In murder trial, state was properly permitted to introduce in evidence the stick or piece of wood with which defendant struck deceased.

Appeal from Circuit Court, Sumter County; John McKinley, Judge.

Will Johnson, alias Johnston, was convicted of murder in the first degree, and he appeals. Affirmed.

The first count of the indictment charges that defendant "unlawfully, and with malice aforethought, killed Joe Cook by striking him with a piece of wood." The second count charges the killing to have been done by striking deceased "with a stick." The third count charges the killing to have been done by striking deceased "with some blunt instrument, a further description of which is unknown to the grand jury."

These charges were refused to defendant:

"A. The court charges the jury that, if the deceased was able to have inflicted serious bodily injury on the defendant with pick or piece of steel in his hand, which defendant knew, and that defendant was free from fault, in bringing on the difficulty, and defendant was at his place of business, they should acquit the defendant.

"B. The court charges the jury that it is not necessary that there should be actual danger of death or great bodily harm to justify the taking of human life, but, if the defendant believed at the time of striking the blow that it was necessary to prevent death or serious harm to him, and the defendant was at his place of business, they must find the defendant not guilty."

"D. The court charges the jury that, if the acts of the deceased at the time of the killing were such as to impress the mind of a reasonable man that defendant's life or body was in peril from deceased, and defendant believed his life was in danger, and defendant was in his place of business, the jury should acquit the defendant."

"I. The court charges the jury that, if the jury believe defendant struck the deceased at the place where the defendant was engaged in working, and deceased was following defendant to assail him with a pick, and defendant was free from fault in bringing on the difficulty, the defendant was not required to retreat, but had the protection of his place of business to excuse him from retreating, and the law does not require one to fly from his place of business."

"(8) The court charges the jury that, if the evidence does not convince each juror beyond a reasonable doubt that the defendant committed the act or struck the blow as a result of malice, and not in the heat of passion merely, they must find the defendant not guilty."

Thos. F. Seale and George O. Miller, both of Livingston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

ANDERSON, C. J. The defendant objected to going to trial because no copy of the indictment had been served upon him. We have carefully compared what purports to be the copy served with the indictment, and find no variance or discrepancy between the two.

[1] The state had the right to nol pros the third count of the indictment and as to which the defendant could not complain.

The trial court did not err in refusing the general charge requested by the defendant either as to the whole case or the different counts, as there was abundant evidence in support of same.

[2] Charges B, D, and I proceed upon the theory that the defendant was under no duty to retreat, even if he could have safely done so because of being at his place of business. The evidence shows that both the defendant and deceased were employed at the mill;

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that the fuss started in the closet or toilet; that both came into the mill, and when at or near the railroad track the killing occurred. This was not a place from which the defendant was relieved, under the law, from retreating if he could have safely done so. Perry v. State, 94 Ala. 25, 10 So. 650; Lee v. State, 92 Ala. 15, 9 So. 407, 25 Am. St. Rep. 17; Brake v. State, 8 Ala. App. 102, 63 So. 11. We do not mean to hold that these charges were not otherwise faulty.

[3] Charge A, refused the defendant, if not otherwise bad, omits the fact that the deceased was making an attempt or effort to assault the defendant with the pick.

[4] Charge 8, refused the defendant, if not otherwise bad, instructs for an acquittal, if any juror has a reasonable doubt of his guilt. Pickens v. State, 115 Ala. 42, 22 So. 551; Morrison v. Clark, 196 Ala. 670, 72 So. 305, and cases cited.

[5] There was no error in permitting the state to introduce in evidence the stick or piece of wood with which the defendant struck the deceased.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.