22 So.2d 713

### ELDRIDGE v. STATE.
### 4 Div. 361.

Supreme Court of Alabama.

May 10, 1945.
Rehearing Denied July 26, 1945.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

The defendant shot and killed one Henderson about ten days after she had obtained a divorce from her former husband, Eldridge.

According to her confession to the police officer, she obtained the divorce because of deceased's promise to marry her if she would do so, but after her divorcement he refused to carry out his bargain, and began keeping company with another woman. This apparently was the onset of the circumstances culminating in the fatal event.

There was a special plea of not guilty by reason of insanity. Where this defense is interposed much latitude of proof is given both the State and the defendant regarding the acts, conditions and conduct of the accused. Birchfield v. State, 217 Ala. 225, 115 So. 297; Wharton, Crim. Evidence, 11th Ed., Vol. 1, § 318.

Subject to the wise discretion of the trial court to limit the scope of the examination within due bounds, it is competent to show any circumstance or condition calculated to naturally or reasonably affect defendant's mental poise at the time of the homicide. Barnes v. State, 31 Ala. App. 187, 14 So.2d 242; Wharton, Crim. Evidence, 11th Ed., Vol. 1, § 318.

Following is an apposite statement of the principle: "As human conditions of every sort are created or influenced by external environment, so too the diseased mental condition which we term insanity may be precipitated, intensified, or otherwise affected by external events coming to the apprehension of the person. Accordingly, *circumstances calculated to induce* this mental condition may always be admitted to evidence the probability of such affection; the only limitation is that the circumstance be in itself capable in some degree of producing such an effect, that it came to the person's knowledge, and that some further foundation for probability be laid by other evidence that there was a diseased mental condition." *2* Wigmore on Evidence, § 231, page 20.

In the light of these guiding principles, the trial court will not be placed in error for permitting defendant's said former husband, who gave testimony in support of her plea of insanity, to be cross-examined regarding his alleged mistreatment of her just prior to their separation and divorce. It cannot be denied but that the nature and gravity of this alleged cruelty to her might reasonably have been calculated to affect her mental status, and was a circumstance (though only a circumstance—Boswell v. State, 63 Ala. 307, 35 Am. Rep. 20) to be considered by the jury on the issue of insanity.

Where insanity is invoked as a defense to crime, under the wide latitude rule adverted to above, it was also competent for the State to cross-examine the witness Rutledge relative to the contract of settlement signed by himself and defendant when the divorce was undertaken, and as to whether in his opinion the defendant was sane or insane when she signed it. This act of hers and her mental status at the time, so shortly before the homicide, were clearly admissible as shedding light upon her mental condition at the time she shot Henderson, and the trial court correctly so ruled.

Error is also sought to be rested upon the action of the court in allowing the State to introduce certain documents pertaining to and a part of the divorce proceedings between defendant and her former husband. But treatment of this question is out of order because no exception was seasonably reserved to any of the rulings relative thereto.

Many objections were interposed to the introduction of these papers, but, as predicated for review here, exceptions must also be taken to the several rulings pronounced upon the objections. Carter v. Gaines, 204 Ala. 640, 87 So. 109; 2 Ala. Dig. Appeal and Error, ☞ 260(1), p. 479.

When the arresting officer appeared on the scene, immediately after the shooting, the defendant made the voluntary statement to him, "I am the one you want." Aside from being competent as an inculpatory admission, it was relevant under the plea of insanity as illustrating the defendant's state of mind when she shot the deceased. Kilpatrick v. State, 213 Ala. 358, 104 So. 656.

It was the theory of the defense that her former intimacy with the deceased, his promise of marriage when she should become free to do so, and his then later faithlessness and repudiation of his bargain, prompted her act, and at the same time so unhinged her mind as to render her legally irresponsible for it. The divorce decree was introduced by her to support this contention. Proof, therefore, that she was seen in company with deceased by officers of the law shortly prior to her divorce, was without the slightest injury to her and the admission of this evidence was without prejudicial error.

The defendant, after firing three shots into the body of the deceased, returned the pistol to her handbag. When the officers arrested her they took charge of the pistol and the three empty shells and two loaded ones which were in it. These articles were properly identified and there was no error in admitting each of them in evidence. Patton v. State, Ala., 21 So.2d 844; [1] Hawkins v. State, 29 Ala.App. 221, 195 So. 762, certiorari denied, 239 Ala. 532, 195 So. 765; Lewis v. State, 220 Ala. 461, 125 So. 802; Johnson v. State, 215 Ala. 643, 112 So. 234; Anderson. v. State, 209 Ala. 36, 95 So. 171.

No reversible error is made to appear, and the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.