## CANNON v. STAUFFER, et al.
### No. 4158.
Circuit Court, Lake County.

February 9, 1970.

Irvin A. Meyers of Meyers & Mooney, Orlando, for plaintiff.

Wilson Sanders of Sanders, McEwen, Mims & McDonald, Orlando, for defendant.

W. TROY HALL, Jr., Circuit Judge.

The above cause came on to be heard on the 15th day of January, 1970 on the defendant's motion to dismiss and the defendant's objection to interrogatories and there was present before the court counsel for the plaintiff and for the defendant.

### Facts

A complaint was filed by the plaintiff against the defendant Samuel Lowell Stauffer and the defendant Auto Owners Insurance Company on September 22, 1969.

The complaint against the defendant Stauffer is based upon negligent operation of a motor vehicle causing a collision with a vehicle operated by Samuel Cannon. The complaint against Auto

Owners Insurance Company is based upon the allegation that the company had in full force and effect a policy of liability insurance covering the automobile operated by Stauffer at the time of the accident alleged.

Service was perfected upon the company pursuant to the law on October 3, 1969. No service has as of this date been secured upon the defendant Stauffer.

The defendant, Auto Owners Insurance Company, filed a motion to dismiss on three different grounds. The principal ground urged at the hearing was paragraph #3 to the effect that there is no showing of service upon the defendant Stauffer in this cause and that in the absence of such the plaintiff is not entitled to proceed against the defendant company. On the 2nd day of December 1969, the plaintiff propounded interrogatories to the defendant company and to said interrogatories the company filed objections on December 10th.

The prime thrust of the objections to the interrogatories is to the effect that no service having been perfected on the insured, Stauffer, any further attempt to proceed in the cause against the defendant company is improper and further that the company having filed a motion to dismiss on the grounds set forth above it would be improper to require it to answer the interrogatories until the court has ruled on the motion to dismiss.

The position of the company is to the effect that even though under the present status of the law under Shingleton v. Bussey, 22 So.2d 713, an insurance company may be joined in an action brought against the insured, nevertheless until such time as the insured is subjected to the jurisdiction of the court by proper service no further proceedings may be had against the company because the presence of the insured and jurisdiction of the insured is a prerequisite to any proceeding being taken against the company.

The announced position of the plaintiff follows. The Supreme Court stated in the Shingleton case — "Of course, by the very nature of liability insurance it is axiomatic that liability of the insured is a condition precedent to liability of the insurer on the cause of action against it by the injured third party. Such condition, however, does not effect a postponement in liability to be sued, but only makes the liability of the insurer to judgment contingent on the establishment of liability to judgment of the insured; therefore, there is nothing inherent in the general nature of liability insurance which would operate to preclude an injured third party beneficiary from directly suing and joining the insurer as a codefendant in the action to determine the insured's liability." The

plaintiff's position is essentially that he should be able to proceed against the insurance company in this case and utilize the discovery procedures which were put in the law to acquire knowledge of the facts concerning the contentions of the parties with the provision, of course, which he acknowledges, that there can be no liability or responsibility on the part of the company until liability has been established against its insured.

The contentions of the parties as above set forth bring into focus as a matter of first impression the recent decision by the Supreme Court in the Shingleton case, requiring an interpretation of the language used in that opinion.

The primary effect of the ruling in that case is to permit the joinder of an insurance carrier in suits brought against the insured. Nowhere in the opinion does there appear to be any language which could be interpreted as a ruling by the Supreme Court authorizing an action or proceeding against an insurance company in the absence of the presence of the insured. The language of the court to me indicates to the contrary.

It would further appear that even though the insurance company is now a proper party in an action instituted against its insured a prerequisite to any further action or proceeding against the company other than to make it a party defendant would necessarily be postponed until such time as proper service has been secured upon the insured. The position of the company is clear in connection with its motion to dismiss and concedes that although titled motion to dismiss as provided by the rules the same constitutes in effect a motion to abate and that the granting of the motion to dismiss in this cause would not require further action on the part of the plaintiff save and except proper service on the insured.

The court finds after reviewing the file and statements of counsel that while service has been perfected on the insurance company there is at this time no service on the insured and as of this time the court does not have jurisdiction over the insured.

By reason of the foregoing it is the opinion of this court that the motion to dismiss should be granted and that the effect of the order granting the motion to dismiss will be to abate further proceedings in this cause against the defendant company until proper service has been perfected on the defendant Stauffer.

It is therefore ordered and adjudged that the motion to dismiss filed by the defendant insurance company is granted and the objections to interrogatories heretofore filed by the defendant insurance company are sustained.