This is an appeal from an order of the Circuit Court of Montgomery County denying the Alcoholic Beverage Control Board's Petition for a Writ of Mandamus to Judge Sam Taylor, Judge of the Montgomery County Court of Common Pleas. We set forth the order appealed from in haec verba:
 "This matter having come on for hearing on May 25, 1976 upon an application by the Alcoholic Beverage Control Board praying that this Court set aside the Order of the Honorable Sam Taylor, Judge of the Montgomery County Court of Common Pleas, in the cases of the State of Alabama vs. Chauncey B. Whitehead, Case No. 6919, and State of Alabama v. William O. Ezell, Case No. 7367, in which Judge Taylor ruled that the possession of liquor which was purchased at Maxwell Air Force Base and did not bear Alabama tax stamps, and defendants were arrested in Montgomery but off the base did not constitute a crime under existing Alabama law, and at the conclusion of the two cases, Judge Taylor ordered the ABC Board to return the confiscated evidence to the defendants, Ezell and Whitehead.
 "On April 15, 1976, the applicant here filed in Judge Taylor's court a Motion to Modify or Vacate Order for Return of Evidence, and upon a hearing on April 26, 1976, Judge Taylor denied the applicant's motion. At the time Judge Taylor entered his order, all parties were before the Court. It is the opinion of this Court that since all parties were before the Court, and since Judge Taylor found the defendants not guilty and ordered the property returned, an order should not be entered to require Judge Taylor to reverse his position. It is therefore,
 "ORDERED that the relief prayed for by the ABC Board be and hereby is denied.
"DONE this the 15th day of June, 1976.
 s/ Perry O. Hooper
CIRCUIT JUDGE"
The State acknowledges that an appeal will not lie on behalf of the State to review Judge Taylor's ruling. The threshold issue, then, is whether the State of Alabama may seek appellate review of an adverse ruling in criminal proceedings via petition for writ of mandamus. The trial Court found that, because all parties were before the Court and Judge Taylor exercised his jurisdiction to determine the issue, mandamus would not lie to require Judge Taylor to reverse his position. We agree.
In the exercise of its supervisory power, the appellate courts may issue writs *Page 68 
of mandamus to lower courts to compel the latter to entertain and exercise the jurisdiction entrusted to them, to correct any abuse of jurisdiction, and to enforce the performance by them of purely ministerial duties. But petitions for writs of mandamus cannot be substituted for appeal to review adverse legal rulings of lower courts. See Alabama Digest, Mandamus, 26.
We affirm.
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.