FAULKNER, Justice.
On June 22, 1979, a young person was shot and killed by a police officer at a business establishment located in the City of Birmingham. The owner of the business was not involved in any way with the officer; he was not present at the time of the shooting, and he knew nothing of the tragedy until he was told of it on a later date. Upon learning of the death of the victim, numerous persons gathered in front of the business with signs protesting the killing. They allegedly threatened the operation of the business, threatened the customers of the business, broke out plate glass windows in the building from which the business was operated, used profane and offensive language to persons attempting to enter the business, and threw garbage upon the premises of the business. The business, because of these actions, had to be closed. After the closing, the protesters moved their demonstrations to another business operated by the same owner, at a different location.
*200 When the demonstrations did not stop, the owner filed a complaint seeking a temporary restraining order against the demonstrators’ activities. A T.R.O. was granted by Judge Barber on June 28. It was extended indefinitely by him on July 6, and on that date, Judge Barber permitted the City of Birmingham to intervene as a party plaintiff. On August 3, the Grassroots Coalition moved to intervene and moved to dissolve the T.R.O. On August 22, Judge Barber orally granted Grassroots’ motion to intervene, but he did not rule on the motion to dissolve. On August 27, Grassroots renewed its motion to dissolve. Judge Barber denied the motion and backdated his order to August 22, the date he orally permitted Grassroots to intervene. On August 30, Grassroots filed its petition for writ of mandamus in the Court of Civil Appeals, praying for a judgment to have Judge Barber dissolve his orders forthwith. Lacking jurisdiction, the Court of Civil Appeals transferred the case to this Court. We ordered the Judge and the City of Birmingham to file their answers to the petition.
Their answers say that (1) Grassroots did not comply with Rule 65(b) ARCP, and (2) mandamus will only issue in cases where the “petitioner has a clear, specific legal right to the thing requested,” and that Grassroots had no clear legal right to have its motion to dissolve granted without notice, and a hearing. We agree with them on both points and deny the petition for writ of mandamus.
Rule 65(b) provides for injunctive relief known as a temporary restraining order, without notice to the adverse party. Once granted, a T.R.O. may be attacked by a motion to dissolve or modify after giving 2 days’ notice, or a shorter time if the court prescribes, to the party who obtained the T.R.O. After notice, the rule mandates that the court hear and determine the motion as expeditiously as the ends of justice require.
In this case there was no notice given to its adversaries by Grassroots before it filed its motion to dissolve. Moreover, it did not present any reason to the court as to why the 2 days’ notice should be shortened.
We hold that Grassroots has not complied with Rule 65(b) ARCP.
Despite its non-compliance with Rule 65(b) Grassroots has petitioned this Court to order Judge Barber to dissolve the injunction. We refuse. Grassroots has not complied with the Rule, and has not shown that Judge Barber abused his discretion, and it has not shown that it has a clear legal right to mandamus.
In Alcoholic Beverage Control Board v. Taylor, 339 So.2d 66 (Ala.1976), this Court stated:
“In the exercise of its supervisory power, the appellate courts may issue writs of mandamus to lower courts to compel the latter to entertain and exercise the jurisdiction entrusted to them, to correct any abuse of jurisdiction, and to enforce the performance by them of purely ministerial duties. But petitions for writs of mandamus cannot be substituted for appeal to review adverse legal rulings of lower courts.”
The petition for writ of mandamus is denied.
WRIT DENIED.
TORBERT, C. J., and ALMON, SHORES and EMBRY, JJ., concur.