KENNEDY, Justice.
The City Council of Rainbow City, Alabama (“the Council”), appeals an order of the circuit court directing the issuance of a writ of mandamus requiring the Council to vote on the appellees’ petition to rezone 40 acres of land from a residential (R-l) classification to an agricultural (AG) classification. We reverse and remand.
In 1981, Rainbow City annexed 40 acres of land. The 40 acres was automatically zoned R-l, because the zoning ordinance did not provide an AG classification. Prior to annexation, the land had been used for raising cattle and hogs. In 1982, the appel-lees, Gary E. Mayo and Linda Kay Mayo, purchased the land but did not check the zoning. In 1986, the Mayos desired to sell the land to a buyer who intended to raise thoroughbred horses. However, the R-l zoning designation prohibited the buyer’s proposed use. Rainbow City’s planning commission approved the Mayos’ petition for rezoning from R-l to AG and recommended that the Council so change the zoning.[1] After notice and a hearing before the Council, the proposed change in zoning was brought before the Council for a vote. However, no motion for its consideration was made by any Council member, and no vote was ever taken. The Mayos did not file an application for a variance with the board of adjustment. Instead, they filed a petition for writ of mandamus in the Eto-wah Circuit Court, requesting the circuit court to direct the Council to vote on the proposed zoning change. The circuit court issued the writ, and the Council appealed.
*52 The Council argues that the decision of whether to bring to a vote a proposed change in zoning is discretionary and that a writ of mandamus should not issue to compel a governing body to perform a discretionary duty. The Mayos argue that the Council must take a vote to approve or reject the application for rezoning, and the Council’s refusal to vote denies them due process.
The Rainbow City zoning ordinance, Ordinance 247, Sections 1701, 1702, provides the procedures pursuant to which a proposed change in zoning is sought. Section 1701 states that the planning commission may report its recommendations to the Council; however, the zoning may be changed only by a vote of the Council. The planning commission is an advisory body and as such can only make recommendations to the Council, and it does not have the power to pass finally on an application to rezone. Its recommendations are not binding on the Council. The recommendations of the planning commission are only factors to be considered by the Council. City of Mobile v. Karagan, 476 So.2d 60, 62, 63 (Ala.1985). Whether to change the zoning classification is a matter left to the legislative discretion of the municipal authorities. See Episcopal Foundation of Jefferson County v. Williams, 281 Ala. 363, 202 So.2d 726 (1967).
In order for a writ of mandamus to issue, there must be “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate legal remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Adams, 514 So.2d 845, 850 (Ala.1987). In this case, the Council has no imperative duty to vote, and the Mayos have another adequate legal remedy available to them, by filing an application for a variance with the board of adjustment.
Therefore, we hold that the trial court erred in issuing the writ of mandamus directing the Council to vote on the proposed zoning change.
The judgment is reversed and remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.

. As of March 1986, Rainbow City had adopted a zoning ordinance providing an agricultural (AG) classification.