The petitioner, Barbara Berry Fowler, seeks a writ of mandamus directing Judge Clatus Junkin of the 24th Judicial Circuit to grant her motion for a change of venue. The writ is denied.
Ms. Fowler was indicted by a Fayette County grand jury for the murder of her husband, a pharmacist and prominent citizen of Fayette County. Contending that it was impossible for her to obtain a fair trial in Fayette County due to extensive pretrial publicity that had surrounded the case there, Ms. Fowler moved for a change of venue pursuant to Ala. Code 1975, § 15-2-20. The trial judge denied the motion. The Court of Criminal Appeals denied her request for a writ of mandamus directing the trial judge to transfer the case out of Fayette County, and she was convicted after a jury trial. The Court of Criminal Appeals reversed the conviction on the ground that prejudicial evidence had been improperly admitted and remanded the case for a new trial. Fowler v. State, 562 So.2d 666 (Ala.Crim.App. 1989). Again Ms. Fowler moved for a change of venue, arguing that she could not obtain a fair trial in Fayette County. The trial judge, stating his concern over the extent of the publicity that had been generated during the first trial, granted her motion and transferred the case to neighboring Lamar County for trial. Ms. Fowler moved the trial judge to reconsider his order transferring the case to Lamar County, arguing that the publicity surrounding the case had been just as great in Lamar County as it had been in Fayette County and, therefore, that the case should be moved to another county. The trial judge denied that motion. The Court of Criminal Appeals denied Ms. Fowler's request for a writ of mandamus directing the trial judge to transfer the case out of Lamar County. She then sought mandamus review in this Court pursuant to Rule 21, A.R.App.P.
Ms. Fowler contends that her motion is due to be granted because, she says, Lamar County is so close to Fayette County that it too has been so saturated with prejudicial publicity concerning the case that a fair trial there would be impossible. The State contends that § 15-2-20 specifically authorizes a de novo review of the trial judge's order on appeal, that such a review is an adequate means by which any error may be rectified, and, therefore, that a writ of mandamus should not issue. The State argues in the alternative that even if mandamus were an appropriate means of reviewing a trial judge's order denying a motion for a change of venue, the writ could not issue in this case because, it says, the evidence does not show that a change of venue is warranted. We agree with the State on both arguments.
Article I, § 6, Alabama Constitution of 1901, provides:
 "[I]n all criminal prosecutions . . . by indictment, [the accused has a right to] a . . . public trial, by an impartial jury of the county or district in which the offense was committed . . .; but the legislature may, by a general law, provide for a change of venue at the instance of the defendant in all prosecutions by indictment. . . ."
Section 15-2-20 reads, in pertinent part, as follows:
 "(a) Any person charged with an indictable offense may have his trial removed to another county, on making application to the court, setting forth specifically the reasons why he cannot have a fair and impartial trial in the county in which the indictment is found. The application must be sworn to by him and must be made as early as practicable before the trial, or it may be made after conviction upon a new trial being granted. *Page 747 
 "(b) The refusal of such application may, after final judgment, be reviewed and revised on appeal, and the supreme court or court of criminal appeals shall reverse and remand or enter such judgment on the application as it may deem right without any presumption in favor of the judgment or ruling of the lower court on such application."
Section 15-2-24 provides:
 "When a change of venue is authorized, the trial must be removed to the nearest county
free from exception. . . ."
(Emphasis added.) In Ex parte Lancaster, 206 Ala. 60,89 So. 721 (1921), this Court, construing the provisions quoted above, held that the circuit court of the county in which an offense is committed has exclusive jurisdiction of the offense, unless that court is divested of jurisdiction upon the removal of the case under §§ 15-2-20 and 15-2-24 to the nearest county free from prejudice.
It is well established in Alabama that a writ of mandamus, which is a drastic and extraordinary remedy, will not issue when there is an adequate remedy by appeal, and that the writ cannot be used as a substitute for appellate review. Echolsv. Housing Authority of the City of Auburn, 377 So.2d 952
(Ala. 1979). The reason for this rule was succinctly stated by then-Justice Livingston in Koonce v. Arnold, 244 Ala. 513,514, 14 So.2d 512, 515 (1943):
 "If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal."
Section 15-2-20 affords Ms. Fowler an adequate remedy by appeal; therefore, a writ of mandamus is not an appropriate means of reviewing the trial judge's order in this case. See, also, 52 Am.Jur.2d Mandamus § 50 (1970).
We feel that it is appropriate to note that the State is correct in its contention that the writ would have to be denied in this case even if mandamus were the proper means of reviewing the trial judge's order. An accused is entitled under § 15-2-20 to a change of venue if he can demonstrate that he cannot receive a fair trial in the county where he is to be tried. It is well established in Alabama, however, that the existence of pretrial publicity, even if extensive, does not in and of itself constitute a ground for changing venue and thereby divesting the trial court of jurisdiction of an offense. Beecher v. State, 288 Ala. 1, 256 So.2d 154
(1971), rev'd on other grounds, 408 U.S. 234, 92 S.Ct. 2282,33 L.Ed.2d 317 (1972); see, also, the cases annotated at §15-2-20. In Nelson v. State, 440 So.2d 1130
(Ala.Crim.App. 1983), the Court of Criminal Appeals correctly noted that jurors do not have to be totally ignorant of the facts and issues involved in a particular case in order to reach an unbiased verdict. Quoting Irvin v. Dowd, 366 U.S. 717,722-23, 81 S.Ct. 1639, 1642-43, 6 L.Ed.2d 751, 756 (1961), the court further noted:
 " 'In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.' "
440 So.2d at 1131. To satisfy her burden of proof in the present case, Ms. Fowler had to establish that prejudicial pretrial publicity has so saturated Lamar County as to have a probable prejudicial impact on the prospective jurors there, thus rendering the trial setting inherently suspect. This required a showing that a feeling of deep and bitter prejudice exists in Lamar County as a result of the publicity.Holladay v. State, 549 So.2d 122 (Ala.Crim.App. 1988), *Page 748 
aff'd Ex parte Holladay, 549 So.2d 135 (Ala. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 575, 107 L.Ed.2d 569
(1989).
Whether to change venue is discretionary with the trial judge. Mathis v. State, 280 Ala. 16, 189 So.2d 564
(1966), cert. denied, 386 U.S. 935, 87 S.Ct. 963,17 L.Ed.2d 807 (1967). In determining whether there has been an abuse of that discretion, an appellate court reviews the trial judge's order de novo, without any presumption in favor of that order. § 15-2-20; Gilliland v. State, 291 Ala. 89,277 So.2d 901 (1973); see, also, Wilson v. State,480 So.2d 78 (Ala.Crim.App. 1985), and the cases cited therein.
The record shows that there has been extensive publicity surrounding this case in Fayette County and that, as Ms. Fowler contends, some of that publicity has spilled over into Lamar County. Ms. Fowler introduced the results of a survey of 200 potential jurors in Lamar County. A majority of those who participated in the survey stated that they had knowledge of the case. Those who stated that they were aware of the case also stated that they had acquired their knowledge largely by reading articles in newspapers published in Fayette, Lamar, and Tuscaloosa Counties, by listening to the radio, and by talking with friends and relatives. Of those who participated in the survey, 46% stated that based on what they had read or heard about the case, they personally believed that Ms. Fowler was not justified in killing her husband. After carefully reviewing the numerous newspaper articles and the transcripts of radio broadcasts that are contained in the record, we conclude that none of them is inherently prejudicial or tends to inflame the community to rally against the petitioner. To the contrary, they are factual and objective accounts of the events surrounding the petitioner's case. In Primm v. State,473 So.2d 1149, 1155 (Ala.Crim.App. 1985), the court, quotingAnderson v. State, 362 So.2d 1296, 1299-1300
(Ala.Crim.App. 1978), correctly stated:
 " 'Generally newspaper articles which objectively report the commission of a crime, do not carry inflammatory headlines, and do not editorialize on the facts in a manner to inflame the community or create an atmosphere of prejudice are an insufficient basis on which to grant a motion for a change of venue. Gray v. State, 56 Ala. App. 131, 319 So.2d 750 (1975).' "
In Mathis v. State, supra, the following is stated:
 " 'In Godau v. State, 179 Ala. 27, 60 So. 908, 910 [1913], it was said:
 " ' "So long as we have newspapers we may expect to have through them the report of crimes, and it is not to be unexpected that, when a homicide is committed . . . the newspapers of the community, answering the public interest, will furnish the defendant with at least some material upon which to base an application similar to the one under discussion."
 " 'Also in McClain v. State, 182 Ala. 67, 62 So. 241, 243 [1913], it was said:
 " ' "We are not prepared to concede . . . that the sensational language of a newspaper reporter or special correspondent used in 'writing up' such cases . . . may be safely taken as a reflection of general public sentiment; nor that it may be lightly assumed that such statements as those . . . shown are capable of permanently molding and fixing the opinions of the more intelligent classes of the people to the extinction of their sense of fair play, and the suppression of their sober second thought."
 " 'The mere belief of the defendant or of his witnesses that he cannot receive an impartial trial is not sufficient to entitle him to a change of venue. Patton v. State, [246 Ala. 639, 21 So.2d 844 (1945)]; Lee v. State, 246 Ala. 343, 20 So.2d 471 [1944]; certiorari denied, 325 U.S. 888, 65 S.Ct. 1576, 89 L.Ed. 2002 [1945].' "
280 Ala. at 18, 189 So.2d at 566 (quoting Campbell v.State, 257 Ala. 322, 324-25, 58 So.2d 623 (1952)).
Furthermore, the record indicates that the publicity surrounding this case has diminished somewhat since the first trial, which took place over two years ago. The passage of time tends to bring objectivity *Page 749 
to a case in which there has been extensive pretrial publicity.Holladay v. State, supra.
The record in the present case does not show that prejudicial pretrial publicity has so saturated Lamar County as to raise an inference that a deep and bitter prejudice exists among prospective jurors there; accordingly, we could not say that the trial judge abused his discretion in denying Ms. Fowler's motion to transfer the case beyond Lamar County.[1] Although we are mindful that 46% of the prospective jurors in Lamar County who participated in the survey indicated that they had a preconceived notion that Ms. Fowler is guilty, we note that the participants in the survey were not asked whether they could lay aside any opinions that were based on what they had read or heard and render a fair verdict in the case based on the evidence that might be presented in a court of law. We are confident that any prospective jurors in Lamar County who cannot lay aside their preconceived notions as to guilt can be identified during voir dire and challenged for cause under Ala. Code 1975, § 12-16-150(7).
WRIT DENIED.
HORNSBY, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.
[1] We note that in this Court Ms. Fowler moved to strike certain affidavits that were submitted by the State to the Court of Criminal Appeals in response to her request for a writ of mandamus from that court; however, because we did not consider those affidavits, it was not necessary for us to rule on the motion.