598 So.2d 1381 (1992)
Ex parte Guy MARTIN, et al.
(Re Lucille GUINN v. Guy MARTIN, et al.).
1910362.
Supreme Court of Alabama.
May 15, 1992.
*1382 Ab Powell III of Powell & Baldwin, Andalusia, for appellant.
Clark Carpenter of Wooten, Thornton, Carpenter, O'Brien & Lazenby, Talladega, for appellees.
INGRAM, Justice.
Guy Martin, American Integrity Insurance Company, and Roger McCullough, have petitioned this Court to issue a writ of mandamus directing the trial court to enter an "Order of Satisfaction of the judgment entered against these petitioners on April 26, 1991."
The underlying facts are as follows[1]: Lucille Guinn sued a number of defendants, including the petitioners, alleging fraud. Specifically she alleged that on or about February 14, 1985, Martin and McCullough, while acting in the line and scope of their employment with American Integrity, for the purpose of soliciting insurance contracts, fraudulently and falsely represented to Guinn: (1) that it was in her best interest to replace her current Medicare supplement policy with a policy from American Integrity; (2) that she had a 10-day right to cancel the American Integrity policy and receive a full refund; and (3) other features of the coverage of the American Integrity policy as compared with other policies. She also alleged, inter alia, that on or about April 2, 1986, Dana Lindsey, while acting in the line and scope of his employment with defendants American Insurance Marketers, Inc. (hereinafter "Insurance Marketers"), and Atlantic American Life Insurance Company (hereinafter "Atlantic American") had induced Guinn to replace her current Medicare supplement policy by fraudulent and false representations.[2]
On or about October 14, 1988, a joint stipulation was entered, dismissing with prejudice Lindsey, Insurance Marketers, and Atlantic American (hereinafter the "settling defendants"). In consideration for the dismissal, the settling defendants paid Guinn $225,000. Martin, American Integrity Insurance Company, and Roger McCullough, the remaining defendants, went to trial. At trial, the remaining defendants sought to introduce the terms of the settlement into evidence. After hearing *1383 oral arguments on that question, the trial court held that the remaining defendants could not go into the terms of the settlement agreement between Guinn and the settling defendants because evidence of that settlement was inadmissible.
The jury returned a verdict in favor of Guinn for $300,000. The remaining defendants moved for a new trial or a judgment notwithstanding the verdict, based, in part, upon the trial court's failure to allow testimony concerning the terms of the settlement agreement. The trial court denied the motions. American Integrity, on behalf of all the remaining defendants, paid into the trial court $75,000 and moved the trial court to enter an order satisfying the judgment. The trial court denied the motion, and this petition for writ of mandamus followed.
The issue presented by the remaining defendants (hereinafter "petitioners") is whether they are entitled to a set-off, as a matter of law, of the amount paid in settlement by the settling defendants. We have held that mandamus is a drastic and extraordinary writ to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) a lack of another adequate remedy; and (4) properly invoked jurisdiction of the court. Ex parte State ex rel. McKinney, 575 So.2d 1024, 1026 (Ala.1990); Ex parte Brooks, 572 So.2d 409, 410 (Ala.1990); Calhoun v. Mayo, 553 So.2d 51, 52 (Ala.1989); C & G Development v. Planning Comm'n of City of Homewood, 548 So.2d 451, 452 (Ala.1989). Mandamus will not issue when there is an adequate remedy by appeal, and a writ cannot be used as a substitute for appellate review. Ex parte Brooks, 572 So. at 411; see Ex parte Fowler, 574 So.2d 745, 747 (Ala.1990); Ex parte Furnace & Corrosive Services, Inc., 418 So.2d 891, 893 (Ala.1982). Generally, the writ will not be granted if the matter complained of can be raised on appeal. Ex parte Furnace & Corrosive Services, 418 So.2d at 893. The test to be applied in deciding whether the writ of mandamus should be granted is whether an appeal would provide an adequate remedy. Id. Petitions for writ of mandamus cannot be substituted for appeals to review adverse legal rulings of lower courts. Alcoholic Beverage Control Board v. Taylor, 339 So.2d 66, 68 (Ala. 1976).
In this case, an appeal would have provided the petitioners the opportunity to have the questions presented here reviewed, and, also, in an appeal this Court would have had the benefit of a complete record of the proceedings below. At this point, the petitioners have no avenue for review by appeal because, for reasons not revealed to this Court, the petitioners have allowed the time for appeal to pass.
Turning to our standard of review for mandamus, as described above, we note that the petitioners must show this Court that they have "a clear legal right to the order sought." In this case, the petitioners sought to have the trial court order that the judgment of $300,000 be satisfied by payment of $75,000, the difference between the $300,000 judgment and the amount of the settlement between Guinn and the settling defendants, which was $225,000.
To show that they have a clear legal right to such an order, the petitioners allege that, because they were joined in the action with the settling defendants, they are entitled by law to a set-off of the "pro tanto" settlement amount. The petitioners argue that they and the settling defendants should be considered joint tortfeasors who acted together to bring about one injury to Guinn. Therefore, they argue, it follows that they are entitled to a set-off for the amount of the settlement.
The following occurred before the trial court at a hearing on a motion in limine regarding the introduction of the specific terms of the settlement agreement into evidence:
"MR. POWELL: ... Now, there has been a settlement of other defendants who were designated in this suit that we are aware of and there is no question under the status of the evidence right now that we would be entitled to go into that....

*1384 "MR. CARPENTER: Yes, there is. A huge question.
"MR. POWELL: ... and show that. All right. Well, let's talk about it then. I think we can. They are designated and joined in the same suit.
"MR. CARPENTER: Well, that doesn't make a bit of difference. What happened, Judge, and I'm sure they will listen and tell me if I'm wrong, is this lady had this transaction in February of 1985. At some point after that, another agent came in and twisted her. We sued for both occurrences and some others in the same lawsuit. We settled with that other agent's company and carrier. It is only when you are jointly and severally liable that one can take the credit for a pro tanto settlement. This is an entirely different transaction. It had absolutely no relationship as far as tort liability to what happened on February 14th, 1985, and therefore, they are not entitled to take credit for the pro tanto settlement."
Later in the proceeding the following occurred:
"MR. POWELL: ... Judge, ... she has claimed certain damages in this lawsuit, embarrassment, humiliation, this kind of thing and she has been somewhat compensated for the same damages that she is claiming and that's what makes it admissible. It is like if you....
"MR. CARPENTER: If you got injured on [June] 1st and you have mental anguish as a result of it and then you get injured on June 15th and you have mental anguish as a result of it and you settled with the guy on June 15th, that doesn't make the June 1st guy entitled to get credit for that pro tanto settlement. All that entitles the June 1st guy to do is cross-examine you on whether or not this mental anguish that you are testifying about wasn't the result of that June 15th accident as opposed to your actions. Now that's pretty basic....
"THE COURT: What specifically do you want to put in?
"MR. POWELL: All right. One of the reasonsthat's why we just wanted to talk a minute. Because here is another thing, we have got some authority and I don't want to....
"THE COURT: Are we quibbling about going into these other claims at all or just quibbling about whether you are going to be allowed to show that she got two hundred and fifty thousand dollars or whatever it was?
"MR. POWELL: Well....
"THE COURT: In settlement?
"MR. POWELL: The reason we are bringing it up, we don't know that we want to put that in, but what we wanted to discuss was because we have some authority to the effect that we could plead that as a set-off against any judgment."

(Emphasis supplied.)
The authority the petitioners' counsel referred to seems to be our case of American Pioneer Life Ins. Co. v. Sandlin, 470 So.2d 657 (Ala.1985). We note that nothing in the materials furnished to this Court indicates that the trial court was ever apprised of this "authority." Some reference is made to such "authority"; however, nothing specifically mentions this case, except for the petitioners' argument in their brief to this Court.
Nevertheless, even if we assume that such authority was presented to the trial court, American Pioneer does not support the petitioners' argument that codefendants who are not joint tort-feasors are entitled to a set-off. The petitioners argue that there is a question whether Lincoln National, the "settling defendant" in American Pioneer, and American Pioneer were "joint tort-feasors." The petitioners apparently believe that that case stands for the proposition that codefendants are entitled to a set-off for amounts paid in settlement by other codefendants. We disagree.
After a careful reading of that case, we are satisfied that Lincoln National was a "joint tort-feasor," because Lincoln National's registered agent, McWhorter, fraudulently induced the plaintiff to cancel his policy with Lincoln National and to purchase an annuity from American Pioneer. Therefore, Lincoln National, through its registered agent, and American Pioneer, by *1385 issuing the annuity, combined to cause the single injury to the plaintiff.
The issue on appeal in American Pioneer was whether the pro tanto settlement of Lincoln National released the remaining "joint tort-feasor," American Pioneer. The facts stated in that opinion indicate that American Pioneer and Lincoln National were properly considered joint tort-feasors, and, therefore, American Pioneer was entitled to a set-off of the settlement amount from its liability to the plaintiff, as a matter of law. But the principle announced in American Pioneer cannot be said to support the petitioners' position in the instant casethat codefendants who are not joint tort-feasors are entitled to a set-off of the amount of settlement, as a matter of law. We hold that, as a matter of law, non-joint tort-feasor defendants whose acts do not combine to cause one single injury cannot claim a set-off as a matter of law of any amount received by the plaintiff in settlement with other non-joint tort-feasor defendants based on distinct acts of those defendants.
The second issue raised by the petitioners is whether they are entitled to a satisfaction of the judgment on the theory that to require them to pay the full $300,000 would result in a double recovery for Guinn for a single injury. However, we do not believe that Guinn has alleged a "single" injury. The complaint alleges that as a result of the two separate incidents she suffered humiliation, mental anguish, and embarrassment. Although she alleges that the same type of injury resulted from the conduct of each defendant, she alleges two separate injuries. She claimed to have suffered the humiliation, mental anguish, and embarrassment as a result of the settling defendants' conduct in April 1986, and she claimed to have suffered the same type of injury as a result of the petitioners' conduct in February 1985. Because the actions of the defendants did not combine to cause a single injury, we cannot say that Guinn has received double compensation.
While, in cases such as this, evidence of the existence of similar claims against multiple defendants who acted separately in time and manner may be probative on the issue of the amount of damage attributable to each defendant, the question whether testimony concerning the actual settlement will be allowed is, by necessity, within the trial court's discretion and, therefore, would not be reviewable by a writ of mandamus when the right to appeal exists.
We have considered this petition because the trial court had denied a set-off where the petitioners claimed the law required it. We now hold that the law did not require a set-off. Because codefendants who are not joint tort-feasors are not entitled to a set-off of the settlement amount, the petitioners have failed to show that they have a "clear legal right" to have their judgment reduced by the amount of the settlement; therefore, we deny the petition for the writ of mandamus.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES, STEAGALL and KENNEDY, JJ., concur.
HOUSTON, J., concurs in the result.
HOUSTON, Justice (concurring in the result).
In my opinion, Guy Martin, American Integrity Insurance Company, and Roger McCullough were able to present the legal issue that they wanted this Court to address as effectively by this petition for writ of mandamus as they could have by an appeal. I vote to deny the writ, using the standard of review that I must use when determining whether to issue a writ of mandamus, just as I would have voted to affirm the judgment of the trial court on the issue of whether Martin, American Integrity, and McCullough were entitled to a set-off, as a matter of law, of the amount paid in settlement by Lindsey, Insurance Marketers, and Atlantic American if that issue had been presented to this Court by an appeal.
NOTES
[1] Because this is a mandamus petition, this Court does not have a record of the trial court proceedings. Therefore, the "facts" of the case are drawn from the information provided to us by the petitioners and the respondents, which, in this case, include the complaint and the amended complaint as well as a transcript of the pertinent proceeding before the trial court.
[2] Guinn replaced her Medicare supplement policy with United American Insurance Company with the policy sold by Martin and McCullough on February 14, 1985. Guinn allegedly bought another policy from United American Insurance Company on or about December 31, 1985. It was this policy that the insurance policy sold by Lindsey replaced.