The appellant, Mark Leslie Joiner, was convicted of arson in the second degree, a violation of § 13A-7-42, Code of Alabama 1975. He was sentenced to 20 years' imprisonment. The state's evidence tended to show that the Marbury School in Autauga County, was completely destroyed by a fire set by the appellant and James Barrett.[1]
The appellant's sole contention on appeal is that the trial court erred in denying his motion for a change of venue. On October 5, 1993, the appellant filed a motion seeking a change of venue or a continuance of his November 29, 1993, trial date because of pretrial publicity. The court granted the continuance and reset the appellant's trial for the following term.
On March 2, 1994, the appellant filed another motion for a continuance based on pretrial publicity. To his motion, the appellant attached copies of two Prattville Progress newspaper articles concerning the burning of Marbury School. The appellant's name was not mentioned in either article. The court denied the appellant's motion for the second continuance on March 3, 1994, stating that it would "review the need to change venue if a fair jury [could not] be provided to the defendant."
After extensive voir dire, the court denied the appellant's motion for a change of venue, stating:
 "The Court is of the opinion after individual voir dire examination that the jury panel that exists now, after the Court has granted the defendant's motions for challenges for cause and having made some strikes from the panel on its own motion, is a fair and impartial panel consisting of jurors that can hear the evidence in this case and make a decision based on the evidence and the evidence alone. All of them have indicated that they can disregard anything that they did read, see, or hear about the case and use only the evidence that's admitted in reaching a verdict in the case. The Court was very liberal in its assessment of those that have been challenged for cause or released on the court's own motion. In sizing up the jury, the Court was careful to observe the demeanor of each one of the jurors. And on the ones where on my own motion I struck them from the list, it was because of some sense or intuitiveness that I had about the demeanor of that witness, not necessarily their actual responses to the questions that led the Court to make that decision." *Page 1156 
A trial court is in a better position than an appellate court to determine what effect, if any, pretrial publicity might have in a particular case. The trial court has the best opportunity to evaluate the effects of any pretrial publicity on the community as a whole and on the individual members of the jury venire. The trial court's ruling on a motion for a change of venue will be reversed only when there is a showing that the trial court has abused its discretion. Nelson v. State,440 So.2d 1130 (Ala.Cr.App. 1983).
Rule 10.1(a), Ala.R.Crim.P., provides that a "defendant shall be entitled to a change of the place of trial to the nearest county free from prejudice if a fair and impartial trial and unbiased verdict cannot be had for any reason." The burden of proof is on the defendant "to show to the reasonable satisfaction of the court that a fair and impartial trial and an unbiased verdict cannot be reasonably expected in the county in which the defendant is to be tried." Rule 10.1(b).
 "[A] change of venue must be granted only when it can be shown that the pretrial publicity has so 'pervasively saturated' the community as to make the 'court proceedings nothing more than a "hollow formality," ' Hart v. State, 612 So.2d 520, 526-27
(Ala.Cr.App.), affirmed, 612 So.2d 536 (Ala. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 2450, 124 L.Ed.2d 666 (1993), citing Rideau v. Louisiana, 373 U.S. 723, 726, 10 L.Ed.2d 663, 83 S.Ct. 1417 [1419] (1963), or when actual prejudice can be demonstrated. The burden of showing this saturation of the community or actual prejudice lies with the appellant. Sheppard v. Maxwell, 384 U.S. 333, 16 L.Ed.2d 600, 86 S.Ct. 1507 (1966). In order to show community saturation, the appellant must show more than the fact 'that a case generates even widespread publicity.' Thompson v. State, 581 So.2d 1216, 1233 (Ala.Cr.App. 1991), cert. denied, 502 U.S. 1030, 112 S.Ct. 868, 116 L.Ed.2d 774 (1992). ' "Newspaper articles alone would not necessitate a change of venue unless it was shown that the articles so affected the general citizenry through the insertion of such sensational, accusational or denunciatory statements, that a fair and impartial trial was impossible. Patton v. State, 246 Ala. 639, 21 So.2d 844 [1945]." ' Thompson v. State, supra at 1233, quoting McLaren v. State, 353 So.2d 24, 31 (Ala.Cr.App.), cert. denied, 353 So.2d 35
(Ala. 1977). Furthermore, in order for a defendant to show prejudice, the ' "proper manner for ascertaining whether adverse publicity may have biased the prospective jurors is through the voir dire examination." Anderson v. State, 362 So.2d 1296, 1299 (Ala.Cr.App. 1978).' Ex parte Grayson, 479 So.2d 76, 80 (Ala. 1985), cert. denied, 474 U.S. 865, 88 L.Ed.2d 157, 106 S.Ct. 189
(1985)."
Oryang v. State, 642 So.2d 979, 983 (Ala.Cr.App. 1993).
The appellant presented absolutely no evidence that the pretrial publicity had saturated the community or that the pretrial publicity biased the members of the venire against him. The newspaper articles presented to the trial court with the motion for a continuance did not even mention the appellant's name. There was no indication that the appellant could not receive a fair trial in Autauga County. Based upon a review of the entire record, we hold that the trial court did not err in denying the appellant's motion for a change of venue.
For the foregoing reasons, the appellant's conviction is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Barrett pleaded guilty to the offense of arson and testified at trial as a witness for the state.