Michael Anthony Nelson was indicted for the murders of Joseph Couey and James Evans in violation of § 13A-5-31 (a)(10) (now §13A-5-40 (a)(10), Code of Alabama 1975.
The jury found the appellant "guilty of the Capital Felony as charged in the indictment." The trial judge followed the jury's recommendation and sentenced the appellant to life imprisonment without parole.
Since the issues raised on appeal do not turn on the facts, we will discuss only those facts necessary for our decision.
 I
The appellant contends he was denied a fair and impartial trial due to the extensive pre-trial publicity concerning the appellant's participation in these murders and therefore, the trial judge erred by refusing to grant the appellant's motion for a change of venue.
One of the basic tenets embodied in the United States Constitution is the right to a jury trial. This right guarantees that an accused shall receive a fair trial by a panel of impartial jurors. Irvin v. Dowd, 366 U.S. 717,81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).
Section 15-2-20, Code of Alabama 1975 states that a defendant is entitled to a change of venue to another county if he can show to the reasonable satisfaction of the trial court that a fair and impartial trial cannot be had in the county in which the indictment is found. Anderson v. State, 362 So.2d 1296
(Ala.Cr.App. 1978).
However, merely because jurors are not totally ignorant of the facts and issues involved in a particular case does not mean that an unbiased verdict cannot be expected in such case.
 "In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court."
Irvin v. Dowd, supra.
There are two situations in which a change of venue is mandated. The first is when the defendant can show that prejudicial pre-trial publicity "has so saturated the community as to have a probable impact on the prospective jurors" and thus renders the trial setting "inherently suspect." McWilliamsv. United States, 394 F.2d 41 (U.S.C.A. 8th Cir. 1968); Dobbertv. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). In this situation, a "pattern of deep and bitter prejudice" must exist in the community. Irvin v. Dowd, supra.
The second situation occurs when the defendant shows "a connection between the publicity generated by the news articles, *Page 1132 
radio and television broadcasts and the existence of actual jury prejudice." McWilliams v. United States, supra.
The United States Supreme Court, on numerous occasions, has reversed convictions which occurred within a trial setting utterly corrupted by the press. See cases cited in McWilliamsv. United States, supra. The case at bar does not approach the magnitude of those cases that have been condemned by the United States Supreme Court.
 "Generally newspaper articles which objectively report the commission of a crime, do not carry inflammatory headlines, and do not editorialize on the facts in a manner to inflame the community or create an atmosphere of prejudice are an insufficient basis on which to grant a motion for a change of venue. Gray v. State, 56 Ala. App. 131, 319 So.2d 750
(1975)."
Anderson v. State, supra.
The appellant introduced copies of nine newspaper articles and transcripts of three television news segments in support of his motion for change of venue. All of the publicity surrounded the trial of his co-defendant, David Beech. We have examined the newspaper articles and the television broadcasts and believe they were factual accounts of the trial proceedings in David Beech's case and objectively reported. The appellant was mentioned only as Beech's cohort and the emphasis of the articles concerned Beech and the appellant was only mentionedincidentially. We do not believe that the publicity which the appellant received created an inherently prejudicial atmosphere at this trial. The appellant has failed to show that he did not get a fair and impartial trial as a result of the publicity concerning the murders he allegedly committed.
The appellant claims that because the community was so aware of the charges against him and of the details of the murders that the juror panel had a pre-conceived bias against him. The fact that the jurors had knowledge of his case doesn't necessarily mean that they were biased against the appellant when they were impaneled. Anderson v. State, supra. Dobbert v.Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).
The appellant has failed to establish any indication of actual prejudice against him by the jurors who were impaneled or any unfairness in the juror selection process. The trial judge personally asked each juror about his or her knowledge of the case. All of the jurors, even those who were aware of these murders, indicated they could and would disregard anything they had heard about the appellant's case and could render an impartial verdict based solely on the evidence presented to them at trial. They further stated that if they did not do so, it would violate their oaths as jurors. Therefore, we are of the opinion that the jury was impartially selected and that they rendered their verdict based solely on the evidence adduced at this trial.
Moreover, the determination of whether or not to grant a motion for change of venue is generally left to the sound discretion of the trial judge because he has the best opportunity to assess any prejudicial publicity against the defendant and any prejudicial feeling against the defendant in the community which would make it difficult for the defendant to receive a fair and impartial trial. Botsford v. State,54 Ala. App. 482, 309 So.2d 835 (1974), Robinson v. State,430 So.2d 883 (Ala.Cr.App. 1983), cert. denied, (Ala.S.Ct., 82-582, May 6, 1983).
This court will not review the trial judge's decision in such case in the absence of gross abuse. Botsford v. State, supra. There was none shown here.
For the reasons herein stated above, we hold the appellant's motion for change of venue was properly denied.
 II
The appellant asserts the trial judge erred by admitting the testimony of State's witness, Theresa Manders. *Page 1133 
Before trial, the appellant filed a motion for discovery asking that the State produce, among other things:
 "(9). All written statements of any person whom the District Attorney plans to call as a witness, which contains any statement or alleged statement made by the Defendant." (R. 4-5).
An agreement was entered on the trial court's docket sheet and the State produced all such statements except that of Theresa Manders. During the course of the trial, the appellant moved to exclude and prevent Manders from testifying about a statement given by her to the police, which contained statements made to her by this appellant. Defense counsel argued that since the District Attorney had not provided him with Manders' statement, he was unable to adequately prepare his defense.
At this same hearing which was conducted outside of the presence of the trial jury, the District Attorney stated he had not expected Manders to testify, and had been unable to locate her. She had moved out of state and the State had not been able to locate her to testify at co-defendant David Beech's trial. Their efforts to locate her for the appellant's trial had been unsuccessful until the day before she was called to testify. She flew into Mobile the night before she was to testify which was the day of the hearing on the motion to exclude her testimony.
In light of the fact that the District Attorney did not know Manders would be available as a witness until the last moment, and the fact that he first talked to her at 7:00 p.m. on the night before the 10:00 a.m. hearing, the trial judge decided to allow Manders' testimony but ordered that the District Attorney provide defense counsel with her statement, granted a short recess, and gave defense counsel the opportunity to interview witness Manders before she, in fact, testified.
Defense counsel had requested a sufficient recess in which to review the statement and interview the witness and stated he could probably do it in about fifteen minutes. We must note that defense counsel did not ask for a second continuance which could have given him more time to prepare if he needed it. No further objection or request was made.
The appellant cites United States v. Beasley, 576 F.2d 626
(U.S.C.A., 5th Cir., 1978) and states that "due process forbids the prosecution to suppress evidence favorable to an accused on request . . ." (appellant's brief, p. 10).
However, in that case, the court held that a retrial is required ". . . only if, after conviction of a defendant, it is learned that evidence requested and not produced creates a reasonable doubt that did not otherwise exist as to the guilt of the accused." (Emphasis added). "If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." UnitedStates v. Beasley, supra. See also United States v. Agur,427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
Even though defense counsel might have prepared his case somewhat differently had he known before trial of Manders' statement, it would be difficult for us to say that the evidence pointing to the appellant's guilt would have been much different, or the outcome changed.
In view of the circumstances surrounding the District Attorney's failure to produce this witness, Manders' statement to the appellant earlier before the trial (the fact that the District Attorney did not know she would testify in the appellant's trial until the day before she was to testify, the fact that defense counsel was given the opportunity to review the statement and interview the witness, the fact that defense counsel did not ask for another continuance and the fact that there was no contention that District Attorney acted intentionally), we hold that the trial court did not err in allowing Theresa Manders to testify at the appellant's trial. Cases herein cited.
This record is free of error. Therefore, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 1134