Y.C. Rice was indicted for robbery in the first degree, in violation of § 13A-8-41, Code of Alabama, 1975. The jury found the appellant "guilty as charged in the indictment." He was sentenced to life imprisonment without parole as a habitual felony offender and ordered to make restitution in the amount of $14,090.60.
The appellant has not raised the sufficiency of the evidence on appeal, and, therefore, the facts of this case will be briefly stated.
At approximately 11:30 on the morning of January 4, 1985, Julia Whitsett was walking behind the Cloverdale A P store in Montgomery when she was struck from behind and knocked to the ground. When Whitsett looked up, she saw the appellant standing over her. She began to scream and the appellant hit her in the face.
Gayle Ray was jogging in the area and heard Whitsett scream. When he saw the appellant standing over Whitsett, he told him to leave her alone. The appellant grabbed Whitsett's purse and ran. Ray pursued the appellant for several blocks until the appellant went into the basement of a church. The police arrived at the church and the appellant was apprehended.
Whitsett was transported to the hospital where she remained for several weeks. She sustained a contusion on the brain, fractures to her cheek bone, jaw and nose, and a laceration to her left little finger. Facial surgery was performed on Whitsett to prevent disfigurement.
 I
The appellant contends the trial court erred by denying his motion for change of venue based on prejudicial pretrial publicity.
 "Section 15-2-20, Code of Alabama 1975 states that a defendant is entitled to a change of venue to another county if he can show to the reasonable satisfaction of the trial court that a fair and impartial trial cannot be had in the county in which the indictment is found. Anderson v. State, 362 So.2d 1296 (Ala.Cr.App. 1978)."
Nelson v. State, 440 So.2d 1130, 1131 (Ala.Cr.App.), cert. denied, 440 So.2d 1130 (Ala. 1983).
 "The defendant bears the burden of demonstrating that an impartial and fair trial, which will result in an unbiased verdict, can not be had at the present locale."
Crowe v. State, 435 So.2d 1371, 1376 (Ala.Cr.App. 1983).
 "There are two situations in which a change of venue is mandated. The first is when the defendant can show that prejudical pre-trial publicity `has so saturated the community as to have a probable impact on the prospective jurors' and thus renders the trial setting `inherently suspect.' McWilliams v. United States, 394 F.2d 41 (U.S.C.A. 8th Cir. 1968); Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). In this situation, *Page 1051 
a `pattern of deep and bitter prejudice' must exist in the community. Irvin v. Dowd, [366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961)] supra.
 "The second situation occurs when the defendant shows a `connection between the publicity generated by the news articles, radio and television broadcasts and the existence of actual jury prejudice.' McWilliams v. United States, supra."
Nelson, supra at 1131-32.
The appellant does not assert the existence of actual juror prejudice against him and the record does not support such an assertion. The record indicates that all of the jurors felt they could render a fair and impartial verdict in this case in spite of what they knew about this case. Therefore, we find there was no evidence that the jurors were biased against this appellant due to their knowledge of this case. See Anderson v.State, 362 So.2d 1296 (Ala.Cr.App. 1978), (rev'd on other grounds); Nelson, supra; Robinson v. State, 430 So.2d 883
(Ala.Cr.App. 1983), cert. denied, 430 So.2d 883 (Ala. 1983).
The appellant introduced two articles from the Montgomery Advertiser and one article from the Alabama Journal in support of his motion for change of venue. These articles reported that the appellant committed the offense charged while he was on work release. However, the substance of these articles dealt with the criticisms of the Department of Corrections work release program by various public officials. The appellant was used as an illustration to support their criticism of the program.
 "`Generally newspaper articles which objectively report the commission of a crime, do not carry inflammatory headlines, and do not editorialize on the facts in a manner to inflame the community or create an atmosphere of prejudice are an insufficient basis on which to grant a motion for a change of venue. Gray v. State, 56 Ala. App. 131, 319 So.2d 750
(1975).'"
Anderson, supra at 1299-1300.
Certainly it could be argued that those articles were inherently prejudicial to the State's work release program. However, we do not find that these three articles biased the community against this appellant merely because it was reported that this appellant committed the robbery while on work release.
The existence of widespread publicity alone does not prove that a defendant cannot receive a fair trial due to that publicity. The effect of that publicity on the community must be shown. Anderson, supra. The appellant has failed to show that a "pattern of deep and bitter prejudice" existed in the community as a result of these articles. Robinson, supra.
The articles did report the prior criminal history of this appellant.
However,
 "Neither extensive knowledge of the defendant nor of his criminal activities is sufficient alone to establish the impossibility of a constitutionally fair trial."
Crowe, supra at 1376.
The articles in question were "factual in nature and non-inflammatory in character" with regard to the appellant.Crowe, supra at 1378. Thus, the appellant has failed to demonstrate to this court that he could not receive a fair and impartial trial as a result of the pre-trial publicity in this case.
 "Moreover, the determination of whether or not to grant a motion for change of venue is generally left to the sound discretion of the trial judge because he has the best opportunity to assess any prejudicial publicity against the defendant and any prejudicial feeling against the defendant in the community which would make it difficult for the defendant to receive a fair and impartial trial. Botsford v. State, 54 Ala. App. 482, 309 So.2d 835 (1974), Robinson v. State, 430 So.2d 883 (Ala.Cr.App. 1983), cert. denied, (Ala.S.Ct., 82-582, May 6, 1983).
 "This court will not review the trial judge's decision in such case in the absence of gross abuse. Botsford v. State, supra."
Nelson, supra at 1132.
The trial judge did not abuse his discretion by denying the appellant's motion for *Page 1052 
change of venue. (Authorities herein cited.)
 II
The appellant contends the trial judge incorrectly ordered restitution in this case because Alabama's Restitution Law is unconstitutional. Specifically, the appellant alleges that both the Alabama and the United States Constitution require a trial by jury to determine the amount of restitution.
The Alabama Restitution to Victims of Crime Act is set out in §§ 15-18-65 through 15-18-78, Code of Alabama, 1975. Section15-18-78 (a) states "a restitution order in a criminal case shall be a final judgment and have all the force and effect of a final judgment in a civil action under the laws of the State of Alabama."
The appellant maintains that the language quoted above essentially makes restitution a civil judgment and, therefore, he is entitled to a trial by jury on the restitution amount under the Seventh Amendment of the United States Constitution and Article I, Section 11 of the Alabama Constitution.
Although this issue has not been addressed in our State courts, the Federal courts have decided this issue in regard to the Federal Restitution Law (the Victim and Witness Protection Act). The VWPA contains a similar provision to that found in §15-18-78, Code of Alabama, 1975. Under 18 U.S.C. § 3579 (h), an order of restitution may be enforced in the same manner as a judgment in a civil action.
The Federal courts have held that the inclusion of the enforcement method found in § 3579 (h) does not transform restitution into a civil action. See United States v. Watchman,749 F.2d 616 (10th Cir. 1984); United States v. Brown,744 F.2d 905 (2d Cir. 1984); United States v. Satterfield, 743 F.2d 827
(11th Cir. 1984); United States v. Keith, 754 F.2d 1388 (9th Cir. 1985); United States v. Florence, 741 F.2d 1066 (8th Cir. 1984); United States v. Palma, 760 F.2d 475 (3rd Cir. 1985).
The Eleventh Circuit Court in Satterfield stated that whether a penalty is "civil or criminal is a question of legislative intent," Satterfield, supra at 836, and concluded that ". . . Congress intended to make restitution an element of the criminal sentencing process and not an independent action civil in nature." Satterfield, supra at 837.
In support of this conclusion, the Court pointed out several provisions of the VWPA.
 "Subsection 3579 (a)(1) allows the court to prove restitution `in addition to or in lieu of any other penalty authorized by law' as part of the `sentencing' of a defendant. 18 U.S.C. § 3579 (a)(1).
 "Consistent with this characterization of restitution as part of a criminal sentence are subsections 3580 (a) and (b), which incorporate the restitution order into the traditional sentencing role of the court. Under subsection 3580 (a), the court can order restitution only after it considers the financial resources of the defendant, his earning ability and the financial needs of his dependents. These considerations, which help tailor restitution to the individuality of the defendant, are vital to the rehabilitation goals of sentencing, but generally are not relevant in determining the amount of damages awarded in a civil case."
Satterfield, supra at 836-37. (Footnotes omitted.)
Likewise, Alabama has similar provisions in its restitution act. See § 15-18-67 and § 15-18-68, Code of Alabama, 1975. Moreover, § 15-18-75 provides that "[n]othing in this article limits or impairs the right of a person injured by a defendant's criminal activities to sue or recover damages from the defendant in a civil action."
Thus, it is clear that the Alabama legislature, like the United States Congress, intended that restitution be incorporated into the traditional sentencing procedure and that it be imposed as a criminal, not civil, penalty. "Restitution is a permissible penalty imposed on the defendant as part of sentencing." Watchman, supra at 617. Neither the United States nor the Alabama *Page 1053 
Constitutions require ". . . that a jury determine any aspects of a defendant's sentence." Brown, supra at 908.
 "As the court said in United States v. Brown, the discretion and method of determining the length of a defendant's incarceration does not infringe on his Sixth Amendment rights. The restitution procedure does not infringe on Seventh Amendment rights."
Watchman, supra at 617.
We, therefore, conclude that our legislature, in providing a civil enforcement method in restitution cases, did not intend to make restitution a civil action. Restitution is not subject to the requirements of a civil adjudication merely because it is enforceable in the same manner as a civil judgment. Brown, supra.
Congress, in enacting the enforcement provision in the VWPA, wanted to "increase the victim's chances of collecting restitution." Brown, supra at 910. See also Satterfield, supra. Surely, the Alabama legislature had a similar purpose in enacting § 15-18-78, Code of Alabama, 1975.
Therefore, the appellant's constitutional challenge to the Alabama restitution act must fail. We must note that our sister State of Georgia has also held that the constitutional guarantee of a jury trial ". . . applies only to civil damage cases and does not apply to a penalty to be determined by the court in a criminal case." Cannon v. State, 246 Ga. 754,272 S.E.2d 709 (1980) (interpreting Georgia's restitution act).
Hence, a jury trial is not required to determine the amount of restitution in Alabama, in spite of the provision for civil enforcement of restitution. The trial court correctly ordered restitution in this case.
For the reasons shown, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.