757 So.2d 1107 (2000)
Ex parte Rex Edward WATSON.
(Re State of Alabama v. Rex Edward Watson).
1990174.
Supreme Court of Alabama.
January 28, 2000.[*]
*1108 Thomas M. Goggans, Montgomery; Thomas M. Hass, Mobile, for petitioner.
Brad E. Mendheim, asst. district atty., Dothan; Bill Pryor, atty. gen., and J. Thomas Leverette, asst. atty. gen., for respondent.
JOHNSTONE, Justice.
The petitioner, Rex Edward Watson, is the defendant in a criminal case. He petitions us for a writ of mandamus or, in the alternative, a writ of habeas corpus to effect his release from the county jail during the pendency of his appeal from his conviction. We determine that he is due a writ of mandamus under the circumstances.
After a jury trial, the defendant was convicted of theft of property in the first degree. The trial court sentenced the defendant to eight years' imprisonment in the state penitentiary and payment of a fine of $1,000; a victim's compensation assessment of $250; court costs; and restitution in the sum of $71,985. The trial court split the imprisonment, ordered the defendant to serve weekends for the ensuing three months in the county jail, and suspended the balance of the term of imprisonment for a period of five years of formal probation on the condition, inter alia, that the defendant pay the moneys required by his sentence on a prescribed schedule. Thereafter, the defendant timely filed notice of appeal, and the trial judge set the appeal bond in the sum of $100,000. The defendant made a good corporate surety appeal bond for the $100,000 and filed it with the circuit clerk, who approved it and duly caused the sheriff to release the defendant from custody during the pendency of his appeal.
Ten days later, the district attorney filed a motion asking the trial court to reconsider the defendant's appeal bond and "to set the defendant's appeal bond at $71,985.00 cash" in order to secure the defendant's payment of the restitution to the victim of the theft. The trial judge conducted a hearing on the motion and, over the defendant's articulate and thorough arguments and objections (through defense counsel), granted the motion and required the defendant to post, in addition to his existing $100,000 corporate surety appeal bond, a $30,000 cash bond and remanded the defendant to the custody of the sheriff until such time as the defendant would make the additional $30,000 cash bond. Later that same day, the defendant filed a motion to reconsider with the trial court; and, four days later, he filed a "Motion to Set Aside Order Requiring Supersedeas Bond/Petition for Writ of Habeas Corpus" with the Court of Criminal Appeals, which *1109 denied relief. On the day after the Court of Criminal Appeals denied relief, the defendant filed the instant "Petition for Writ of Mandamus or Petition for Writ of Habeas Corpus" with this Court.
The remaining operative facts in this case consist of the contents of the defendant's original notice of appeal itself, the grounds and reasons advanced by the district attorney to persuade the trial judge to reconsider and to revise the original appeal-bond requirements, and the grounds and reasons stated by the trial judge in imposing the additional requirement of a $30,000 cash appeal bond. The defendant's notice of appeal itself reads, in pertinent part, as follows:
"Comes now the Defendant, Rex Edward Watson, by and though the undersigned counsel, pursuant to Rule 4, [Ala. R.App. P.], and tenders this notice of appeal to the Court of Criminal Appeals of Alabama from the judgement and sentence entered on, to-wit: September 3, 1999, in the above matter.
"Further, your Defendant makes known to the court that the Defendant elects not to commence service of the sentence imposed in this case, and requests this Court, pursuant to Rule 8(d), [Ala. R.App. P.,] to enter a Stay of Execution of the sentence and payment of any ordered fines, costs, and restitution, pending the appeal. Your Defendant would also request this Court to continue the present appearance bond, or in the alternative set an appeal bond that is appropriate under the premises."
(Emphasis added.) The trial judge's original order setting the defendant's original appeal bond at $100,000 operated to grant the defendant's request that the trial court, "pursuant to Rule 8(d), ... enter a Stay of Execution of the sentence and payment of any ordered fines, costs, and restitution, pending the appeal" and "set an appeal bond that is appropriate under the premises." As this opinion will explain, the trial court could have, and still can, discriminatingly tailor its stay and its appeal-bond requirements to do justice for the State, the victim, and the defendant.
The "Motion to Reconsider Bond" filed by the district attorney with the trial court reads, in pertinent part, as follows:
"1. The defendant was convicted of Theft of Property, first degree. Following a lengthy probation and sentencing hearing, the defendant was sentenced to 8 years, ordered to pay restitution, and placed on probation for 5 years after serving several weekends in jail.
"2. Due to the unusual nature of this case, the State requests the Court to set the defendant's appeal bond at $71,985.00 cash. The State cites two primary reasons for this request:
"(a) The victim is elderly and suffers from cancer. The defendant stole the money in which she planned to use to care for herself. By appealing, the defendant does not have to pay any money for a year to two years. It is entirely possible the victim may be deceased by such time. By setting a cash bond in the amount of restitution there will be some security of payment in the future. In a civil case, the defendant is required to post security for the amount of judgment if the defendant appeals. There is no reason for the defendant not to do so.
"(b) The defendant lied to the Court at the probation hearing. The defendant begged, pleaded and cried for the Court to do exactly what it did. The defendant assured the Court that he would do as the Court desired. The defendant never indicated that he would appeal, and attempt to make a mockery of the Court's mercy.
"3. There is not a single legitimate issue for the defendant to appeal. The Court was extremely fair to both sides. No novel or peculiar issues were presented. The entire trial simply presented a factual issue for the jury to decide.

*1110 "Wherefore, the State moves the Court to set the defendant's appeal bond at $71,985.00."
At the hearing conducted by the trial court on the district attorney's Motion to Reconsider Bond, the district attorney summarized his position as follows:
"What we are simply asking is that there be some security, that in the event this case is affirmed, which we fully believe it will be; [the victim] will get her money if she is still living. Initially I filed asking the Court for a cash bond in the amount of the restitution. The more I have thought about it since then, I will amend that somewhat and request the Court, as opposed to changing the bond, leave it the way it is but as a condition of the bond, to post the amount of restitution ordered, some seventy-two thousand dollars in cash or a CD or some sort of commercial note with the Clerk of the Court. She can hold it and if it is reversed, give it back. And, it can be drawing interest in this time. Also Your Honor is fully aware that we could have asked for interest on the restitution that the Court ordered. We did not do that. We normally don't do it. I could have, but we didn't even get into that under the belief that, you know, he would be paying like he is supposed to. Now, the summer of '97, this is some, over three years later now and we are waiting another year to five years and what is the interest on that money during the time it is on appeal? If it is affirmed, you know, she won't be getting any interest from it, either. The reasonable thing, due to the circumstances of this case, she is not a wealthy woman, no money has been paid back to her. Why not, what at all is unreasonable about posting that amount in cash to be held in trust by the Clerk of the Court or the Sheriff pending a resolution of this case[?] Again, if it is reversed, they can get the money back. We are not saying give it to her, because they have the right to appeal. Finally, the only other thing we would offer, again, you remember the lengthy [sentencing] hearing that we had and they pleaded and begged for Your Honor to do exactly what you did. We submit to the Court that was just a sham on the Court. That was just a put[-]on. You know, we think the Court should take that in account as well. Thank you for hearing this motion. That is all we have."
The State has not contended and does not contend that the defendant waived his right of appeal. In fact, at the hearing before the trial court, the district attorney, in the words quoted above and those quoted below, expressly recognized the defendant's right to appeal:
"We are not trying to be punitive in any way, but at the Probation and Sentencing Hearing, they pled and begged and cried and carried on for you to give them exactly, basically, what you ended up giving them. They were going to pay the restitution and you set them up on a payment plan to do that. They didn't mention anything about any intention of appealing. Of course, they don't have to mention that. They have forty-two days to do that. I am not trying to do anything to stop his right to appeal...."
In ruling, the trial court stated its position:
"You know the problem I am having with this? Of course, you are in on this case now and you were not here during the trial and did not hear the testimony. But, you know there is something wrong with the law when a man is convicted of Theft of Property in the First Degree by a Jury of twelve people over here for stealing seventy-two thousand dollars from an elderly woman with cancer and he now hires [appellate] counsel. I have a fear he is hiring [appellate] counsel through using Mrs. Armstrong's [moneys] there. Now, she is sick, and Mr. Mendheim argues she might not see it through the appeal. Those [moneys] are needed for her health care. And, *1111 you know, here we go. It is on appeal and as Mr. Mendheim stated and is correct, it could be eighteen months to two years from now when this is all resolved. And, you know, as a factual matter, quite frankly, I have not been reversed, but I am not saying that to boast. But, I am saying probably ninety something percent of the cases appealed to the Court of Criminal Appeals are affirmed. And it is just something wrong with that."
The law governing appeal bonds in criminal cases and stays of criminal sentences is stated in Rule 7.2(c), Ala. R.Crim. P., and Rule 8(d), Ala. R.App. P. Although Rule 9(b), Ala. R.App. P., states that "[r]elease after judgment of conviction shall be governed by [Ala.Code 1940 (Recomp.1958),] Title 15, §§ 368 and 372 [Ala. Code 1975, § 12-22-170],"[1] the Code Commissioner's note to that Code section and the committee comments to Rule 7.2, Ala. R.Crim. P., say that Rule 7.2 modifies the absolute right to an appeal bond granted by § 12-22-170 to a defendant sentenced to 20 years or less of imprisonment. In accord with this view, the defendant-petitioner relies on Rule 7.2, Ala. R.Crim. P., and Rule 8(d), Ala. R.App. P., rather than on § 12-22-170.
Subsections (c) and (d) of Rule 7.2, Ala. R.Crim. P., provide:
"(c) After Conviction and Sentencing
"(1) A defendant who has been convicted of an offense and who for that offense has been sentenced to punishment by death, by life imprisonment, or by imprisonment for a term in excess of twenty (20) years, shall not be released.
"(2) Any defendant who has been convicted of an offense for which the defendant has been sentenced to a term of imprisonment for twenty (20) years or less may be released on a secured appearance bond or on the defendant's personal recognizance,
"(i) Upon application for release made concurrently with the filing of a notice of appeal, or
"(ii) If the application for probation is made, upon application for release made at any time before probation has been granted or denied.
"(d) Denial of Release. Release shall be denied after conviction and sentence if the trial court has reason to believe that an appearance bond or conditions of release will not reasonably assure that the defendant will not flee, or that the defendant's being at large poses a real and present danger of harm to any other person or to the public at large, or if at the time the sentence was rendered, the defendant filed a notice of appeal and elected to waive release and to begin serving the sentence."
(Emphasis added). Rule 8(d), Ala. R.App. P., regarding stays of execution of sentences in criminal cases, provides in pertinent part:
"(2) Imprisonment. A sentence of imprisonment or hard labor for the county or to the penitentiary shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail.
"(3) Fines. A sentence to pay a fine or a fine and costs, if an appeal is taken, may be stayed by the trial court or by the appellate court upon such terms as the court deems proper. The court may require the defendant pending appeal to deposit the whole or any part of the fine and costs with the clerk of the court, or *1112 to give bond for the payment thereof, or to submit to an examination of assets, and it may make any appropriate order to restrain the defendant from dissipating assets.
"(4) Probation. An order placing the defendant on probation shall be stayed if an appeal from a judgment of conviction is taken, and the time while such appeal is pending shall not be credited as service of the probationary sentence."
We will address two housekeeping points before we resolve the crucial issues. First, the defendant-petitioner complains that, since the trial judge imposed the additional bond requirement and remanded the defendant-petitioner to the custody of the sheriff, the defendant-petitioner has served far longer in the county jail than the three months' worth of weekends ordered by the trial court in its split sentence. His serving this jail time, however, does not entitle him to the release contemplated by the probationary portion of his split sentence inasmuch as his filing his notice of appeal operated to stay that portion of the sentencing order placing the defendant on probation. Rule 8(d)(4), Ala. R.App. P., supra. The second housekeeping point is that, while Rule 8(d)(2), Ala. R.App. P., supra, provides that a convicted defendant's election not to commence the service of his sentence stays a "sentence of imprisonment or hard labor for the county or to the penitentiary," the defendant's having made this election in his notice of appeal does not entitle him to a release from incarceration. Rather, this election and the consequent stay simply prevent his being put to hard labor or sent to the penitentiary during the pendency of his appeal and may prevent his receiving credit for time served on account of this particular jail time. See Gamble v. Alabama, 509 F.2d 95 (5th Cir.), cert. denied, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975).
We will now resolve the crucial issues. They are twofold and distinct.
First, the law afforded the trial court options for promoting the collection of the restitution not presented by the State either to the trial court or to this Court. The general rule in Alabama is that a circuit court money judgment remains in full force and effect unless and until it is stayed. Rule 8, Ala. R.App. P. A restitution order is a money judgment, just as an order to pay a fine and costs is a money judgment. A restitution order may be secured and collected with all of the powers available under the law for securing and collecting civil judgments, see Rules 64 and 69, Ala. R. Civ. P., albeit without some of the constraints, such as the debtor's exemptions from civil judgments. See § 15-18-78, Ala.Code 1975; Moore v. State, 706 So.2d 265 (Ala.Crim. App.1996); and Rice v. State, 491 So.2d 1049 (Ala.Crim.App.1986). The provisions for staying sentence requirements for the payment of money, Rule 8(d)(3), Ala. R.App. P., are distinct from the provisions for staying imprisonment required by sentence, Rule 8(d)(2). Independently of whether the trial judge stays or does not stay the imprisonment imposed by a sentence, the trial judge can refuse a stay of the money-payment requirements of a sentence or can grant a stay of the money-payment requirements on the conditions stated in Rule 8(d)(3), Ala. R.App. P.
The defendant-petitioner's argument that Rule 8(d)(3) does not provide for staying restitution ordered by a sentence would, if correct, mean that all restitution orders, once entered, would remain in full force and effect, immediately collectable, unless and until reversed on appeal. Thus, for the sake of fairness to criminal defendants in general, the defendant-petitioner would do well to concede that Rule 8(d)(3) allows the trial court to stay the restitution requirements of a sentence even though the text of the rule does not specifically identify restitution. Even so, the trial judge, in admitting a convicted defendant to bail and releasing him from incarceration pursuant to Rule 8(d)(2), Ala. *1113 R.App. P., and Rule 7.2(c), Ala. R.Crim. P., need not also stay the money-payment requirements of the sentence unless the trial judge be satisfied according to Rule 8(d)(3) but may, rather, leave the money-payment requirements of the sentence in full force and effect to be secured or collected, like any money judgment, by the district attorney, the victim, or both, according to their respective interests. Moreover, even without staying the money-payment requirements of a sentence, the trial judge can condition the defendant's bail and release on his not dissipating specified assets.
Second, under the circumstances of this case, and in the context of the trial judge's ample power to protect and to enforce the restitution requirements of his sentence as already explained, the trial judge could not legally require the defendant to post the additional bond or remand the defendant to the sheriff's custody pending the posting of the additional bond. Rule 7.2(d), Ala. R.Crim. P., supra, authorizes the trial court to deny release after conviction and sentence only if the defendant poses a risk of flight, poses a real and present danger of harm to others, or has made an election to waive release and to begin serving his sentence. In originally admitting the defendant to bail in the sum of $100,000, the trial judge implicitly found that sum sufficient to assure the defendant's return to court in the event of the dismissal of his appeal or the affirmance of his conviction and likewise implicitly found the defendant not to pose a flight risk or a real and present danger to others. No one contends that the defendant made an election to waive release and to begin serving his sentence.
Thus, having originally admitted the defendant to bail and released him from custody, the trial court could not remand the defendant to custody without some finding that he posed a risk of flight or a real and present danger of harm to others. Yet, the district attorney's Motion to Reconsider Bond, the district attorney's statement of his position at the hearing on the Motion to Reconsider Bond, and the trial judge's statement of his own position are all utterly devoid of even a suggestion that the defendant posed a risk of flight or a real and present danger to others. The reasons stated by the district attorney and the trial judge were, first, their dismay that the defendant had filed an appeal and, second, their concern that the victim might not receive her restitution. The district attorney also cited his opinion that the defendant had no legitimate ground of appeal. None of these factors justifies the trial judge's remanding the defendant to custody. The provisions of Rule 8(d)(3), Ala. R.App. P., for securing the payment of moneys required by a sentence authorize the trial court to impose conditions for a stay of the money-payment aspects of the sentence, not conditions for a stay of the imprisonment.
The criteria for mandamus are (a) a clear legal right to the order sought, (b) an imperative duty on the respondent (the trial judge in this case) to act and a refusal so to act, and (c) the lack of another adequate remedy. Ex parte State ex rel. McKinney, 575 So.2d 1024 (Ala.1990). As explained, the defendant-petitioner had a clear legal right to an order denying the district attorney's Motion to Reconsider Bond insofar as the motion sought to return the defendant to custody; and, with no showing whatsoever that the defendant posed a risk of flight or a real and present danger to others, the trial judge had an imperative duty to deny the motion insofar as it sought to return the defendant to custody. The trial judge refused the defendant's thorough and articulate entreaties to deny the motion in that regard, and the defendant now has no adequate remedy other than a writ of mandamus from us requiring the trial judge to revise his order.
Accordingly, we will grant a writ of mandamus directing the trial judge to amend his order on the district attorney's Motion to Reconsider Bond so as to stay *1114 the imprisonment imposed by the sentence and so as to effect the defendant's release from custody on the $100,000 corporate surety appeal bond he originally posted, and directing the trial judge to reconsider whether or not to stay the sentence requirements for the payment of money in accordance with Rule 8(d)(3), Ala. R.App. P., but not to condition the stay of the defendant's imprisonment or the release of the defendant from custody during the pendency of his appeal on the defendant's paying or securing the moneys ordered by the sentence. The trial judge is authorized to condition the stay of the defendant's imprisonment and his release from custody on his refraining from dissipating specified assets.
WRIT GRANTED.
MADDOX, HOUSTON, COOK, LYONS, and ENGLAND, JJ., concur.
SEE and BROWN, JJ., concur in the result.
SEE, Justice (concurring in the result).
I disagree with the majority's reliance on Rule 7.2, Ala. R.Crim. P., to reach its conclusion that the trial court erred in conditioning Rex Watson's release during the pendency of his appeal upon his posting of the additional bond. Nevertheless, I believe the majority reaches the correct result. I, therefore, concur in the result.
The trial court's authority to release a convicted defendant during the pendency of his appeal is found in Rule 7.2(c)(2), Ala. R.Crim. P., which provides:
"(2) Any defendant who has been convicted of an offense for which the defendant has been sentenced to a term of imprisonment for twenty (20) years or less may be released on a secured appearance bond or on the defendant's personal recognizance[.]"
(Emphasis added.) This grant of authority is qualified by Rule 7.2(d), which provides:
"Release shall be denied after conviction and sentencing if the trial court has reason to believe that an appearance bond or conditions of release will not reasonably assure that the defendant will not flee, or that the defendant's being at large poses a real and present danger of harm to any other person or to the public at large, or if at the time the sentence was rendered, the defendant filed a notice of appeal and elected to waive release and to begin serving the sentence."
(Emphasis added.) In basing its analysis on Rule 7.2, the majority states:
"Rule 7.2(d), Ala. R.Crim. P., ... authorizes the trial court to deny release after conviction and sentence only if the defendant poses a risk of flight, poses a real and present danger of harm to others, or has made an election to waive release and to begin serving his sentence."
757 So.2d at 1113. However, the Committee Comments to Rule 7.2 (specifically, the "Committee Comments to Amendment to Rule 7.2 effective April 1, 1995") state:
"Section (c) recognizes that after conviction the defendant is no longer presumed innocent and is not entitled to admission to bail as a matter of right. If a defendant's sentence is for twenty (20) years or less, the defendant can be admitted to bail, in the judge's discretion, unless the judge has reason to believe that bail will not reasonably assure that the defendant will not flee, or has reason to believe that there is a real and present danger to others posed by the defendant's being at large."
(Emphasis added.) Thus, Rule 7.2(d) does not, as the majority's statement suggests, require the trial court to release a convicted defendant during the pendency of his appeal unless he "poses a risk of flight, poses a real and present danger of harm to others, or has made an election to waive release and to begin serving his sentence." 757 So.2d at 1113. Rather, Rule 7.2(d) provides the trial court the discretion to release *1115 a convicted defendant unless that defendant, as the majority phrases it, So.2d at , "poses a risk of flight, poses a real and present danger of harm to others, or has made an election to waive release and to begin serving his sentence."
Nonetheless, the majority's judgment is correct. Rule 7.3, Ala. R.Crim. P., reads:
"RULE 7.3 CONDITIONS OF RELEASE
"(a) Mandatory Conditions. Every order of release under this rule shall contain the conditions that the defendant:
"(1) Appear to answer and to submit to the orders and process of the court having jurisdiction of the case;
"(2) Refrain from committing any criminal offense;
"(3) Not depart from the state without leave of court; and
"(4) Promptly notify the court of any change of address.
"(b) Additional Conditions. An order of release may include any one or more of the following conditions reasonably necessary to secure a defendant's appearance:

"(1) Execution of an appearance bond in an amount specified by the court, either with or without requiring that the defendant deposit with the clerk security in an amount as required by the court;
"(2) Execution of a secured appearance bond;
"(3) Placing the defendant in the custody of a designated person or organization agreeing to supervise the defendant;
"(4) Restrictions on the defendant's travel, associations, or place of abode during the period of release;
"(5) Return to custody after specified hours; or
"(6) Any other conditions which the court deems reasonably necessary."
(Emphasis added.) Rule 7.3, read in conjunction with Rule 7.2, provides that once the trial court, in its discretion, determines that a convicted defendant should be released during the pendency of his appeal, the trial court is required to impose those restrictions listed in Rule 7.3(a) and is authorized under Rule 7.3(b) to impose only those additional conditions that are "reasonably necessary to secure [the] defendant's appearance."[2] As the majority notes, nothing in the trial court's order indicates that the additional bond is intended to secure Watson's appearance. Accordingly, I agree with the majority's conclusion that the trial court erred in conditioning Watson's release on payment of the additional bond.
NOTES
[*] Note from the reporter of decisions: This opinion was released by the Supreme Court under the date January 28, 2000. The case was actually released to the public on January 27, 2000.
[1] The provisions of Title 15, § 372, were brought forward into Ala.Code 1975, at § 12-22-170. The provisions of Title 15, § 368, apparently were not brought forward into the 1975 Code. See Ala.Code 1975, vol. 2 (1990 repl. vol.), at 576, "Table of Comparative Sections Showing Code of Alabama, Recompiled 1958 Sections and Corresponding Sections in Code of Alabama, 1975." We are quoting from Alabama Rules of CourtState (West Group 1999). The Lawyers Cooperative Publishing version of Rule 9(b), Ala. R.App. P., refers to the current Code section, § 12-22-170, contrary to the actual out-of-date language of the Rule.
[2] I note that Rule 7.3(b)(6) authorizes the trial court to impose "[a]ny other conditions which the court deems reasonably necessary." However, that authority is expressly limited by the qualifying language in the introductory clause of Rule 7.3(b), which requires that the imposed "conditions [be] reasonably necessary to secure [the] defendant's appearance."